**No. 2023-1377**

---

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

# CLAIMANT-APPELLANT'S PRINCIPAL BRIEF

*Re*

---

**DEBORAH RODENHIZER,**
Appellant

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Respondent-Appellee.

---

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. NO. 19-4740, JUDGE JOSEPH L. FALVEY, JR.**

---

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

RODENHIZER V. DVA, 2023-1377

**Certificate of Interest**

Counsel for the Claimant-Appellant certifies the following information is accurate and complete to the best of my knowledge:

1. **Represented Entities. Fed. Cir. R. 47.4(a)(1).**

   The full name of all entities represented by undersigned counsel in this case: Deborah Rodenhizer.

2. **Real Party in Interest. Fed. Cir. R. 47.4(a)(2).**

   Full names of all real parties in interest for the entities. (Do not list the real parties if they are the same as the entities):

   Same.

3. **Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3).**

   Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more of stock in the entities:

   None.

4. **Legal Representatives. Fed. Cir. R. 47.4(a)(4).**

   List all law firms, partners and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this Court for the entities. (Do not include those who have already entered an appearance in

this court):

Allen Gumpenberger
Gumps VA Compensation Services
P.O. Box 560, Conroe, TX 77305
936-788-1600

Kenneth H. Dojaquez
Carpenter Chartered
P.O. Box 2099
Topeka, KS 66601
785-357-5251

5. **Related Cases. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).**

The case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

None.

6. **Organizational Victims and Bankruptcy Cases. Fed. Cir. R. 47.4(a)(6).**

Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1( c) (bankruptcy case debtors and trustees): None.

Date: May 5, 2023

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Table of Contents

**Page**

Certificate of Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of Subject-Matter and Appellate Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Nature of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. Statement of Facts, Course of Proceedings and Disposition Below. . . . 2

Summary of the Arguments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. The Veterans Court's decision to deny Mrs. Rodenhizer's motion for substitution as appellant and to dismiss Mr. Rodenhizer's appeal was a clear error of law. . . . . . . . . . . . . . . . . . 5

A. Mrs. Rodenhizer met the substitution requirements of 38 U.S.C. § 5121A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. Mrs. Rodenhizer met the substitution requirements under U.S. Vet. App. Rule 43(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Page**

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Addendum - Memorandum Decision of the Veterans Court. . . . . . . . . . . . . . . . . . . 18

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## Table of Authorities

**Page**

### Decisions

*Breedlove v. Shinseki*, 24 Vet.App. 7 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011).. . . . . . . . . . . . . . . . . . . . . . 7

*Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 4

### Statutes

38 U.S.C. § 5121(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 14, 16, 17

38 U.S.C. § 5121(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10, 11, 14

38 U.S.C. § 5121(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

38 U.S.C. § 5121A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 5121A(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

38 U.S.C. § 5121A(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11, 12, 13

38 U.S.C. §§ 7251–98.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

38 U.S.C. § 7252(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

38 U.S.C. § 7261(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

38 U.S.C. § 7292(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. § 7292(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. §7292(d)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

38 U.S.C. §7292(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Page**

**Other**

U.S. Vet. App. Rule 43(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 15, 16, 17

Veterans' Judicial Review Act of 1988 ("VJRA"), Pub. L. No. 100–687,
102 Stat. 4105 (2000) (codified as amended at 38 U.S.C. §§ 7251–98). . . . . . . . . . . . . 7

## Statement of Related Cases

Pursuant to Fed. Cir. R. 47.5, the undersigned counsel states that no other appeal has been taken in this case in or from the United States Court of Appeals for Veterans Claims before this Court or any other appellate court.

Undersigned counsel further states that he is unaware of any cases pending before this Court which would directly affect this Court's decision in this appeal.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Statement of Subject-Matter and Appellate Jurisdiction

On October 18, 2022, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued an Order (1) to deny Mrs. Rodenhizer's motion to be substituted as the appellant in the appeal of her deceased son, Thomas Rodenhizer, and (2) to dismiss Mr. Rodenhizer's appeal of the March 21, 2019 decision of the Board of Veterans' Appeals ("Board"). On December 20, 2022, Mrs. Rodenhizer timely appealed the Veterans Court decision to this Court. This Court has jurisdiction to review this decision pursuant to 38 U.S.C. §§ 7292(a), (c). The issues on appeal are entirely issues of law. The Veterans Court decision appealed from is final.

## Statement of the Issue

Whether the decision of the Veterans Court to deny Mrs. Rodenhizer the right to substitute as the appellant for her late son Thomas Rodenhizer and to dismiss Mr. Rodenhizer's appeal was made in accordance with law?

## Statement of the Case

### A. Nature of the Case.

This appeal involves an issue of interpretation of 38 U.S.C. § 5121A and the Rules of the United States Court of Appeal for Veterans Claims regarding a request to be substituted as the appellant in a case pending before the Veterans Court upon the death of the original appellant.

**B. Statement of the Facts, Course of Proceedings and Disposition Below.**

On July 16, 2019, Army veteran Thomas Rodenhizer, through counsel, appealed a March 21, 2019, Board decision that denied him a total disability rating based upon unemployability ("TDIU") for the period from March 1, 2014 to June 8, 2016. *See* Appx6-11 (U.S. Vet. App. No. 19-4740, General Docket).[1] On September 21, 2020, the appellant, Mr. Rodenhizer died. Appx13. In November 2020, Mr. Rodenhizer's counsel informed the Veterans Court of his death. Appx12-13. On December 14, 2020, the Veterans Court ordered Mr. Rodenhizer's counsel to show cause why the Board decision should not be vacated and his appeal dismissed. Appx14-15.

In January and March of 2021, Mr. Rodenhizer's counsel filed responses to the Veterans Court's Order, stating that Mr. Rodenhizer's mother, Deborah Rodenhizer, had filed a VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with VA. Appx16-17; Appx18-30. However, counsel further informed the Veterans Court that the VA's agency of original jurisdiction ("AOJ") had denied her request to substitute because there was no claim or appeal pending before the VA at the time of her son's death. *Id.*

On June 28, 2021, Mrs. Rodenhizer moved to be substituted as appellant before the Veterans Court. Appx31-40. She asserted that she could be substituted as an eligible

---

[1] References to the Joint Appendix to be filed by the Appellant with his reply brief are cited as "Appx___ ."

accrued benefits claimant under 38 U.S.C. § 5121(a)(6) because she bore the costs of her son's funeral. *Id.* In July 2021, the Secretary responded to the motion to substitute, informing the Court that VA had received no application for accrued benefits from Ms. Rodenhizer. Appx41-43. The Secretary further stated that, because no application for benefits was received, the AOJ had made no determination about the proposed eligibility of Mrs. Rodenhizer to be the substitute appellant for her late son as an accrued benefits claimant. *Id.*

In September 2021, after receiving leave from the Court to do so, Ms. Rodenhizer replied to the Secretary's response. Appx44-45. In May 2022, the Secretary responded in turn that Mrs. Rodenhizer had not established standing to be substituted in her son's appeal because she had not filed a timely claim for accrued benefits. Appx46-53. In August 2022, Mrs. Rodenhizer filed her reply, asserting that the Secretary's view that she needed to apply for accrued benefits to be eligible to substitute as the appellant in her son's appeal before the Veterans Court was contrary to law. Appx54-60.

On October 18, 2022, the Veterans Court issued its Order, both (1) denying Mrs. Rodenhizer's motion to be substituted as the appellant in the case and (2) dismissing Mr. Rodenhizer's appeal for lack of an appellant in the case. Appx1-3. On December 20, 2022, Mrs. Rodenhizer timely appealed the Veterans Court decision to this Court. Appx5.

## Summary of the Arguments

The Veterans Court's reliance on in its decision in *Breedlove v. Shinseki*, 24 Vet.App. 7 (2010), to deny substitution in this case and dismiss the appeal altogether was misplaced. The basis for this outcome was the Veterans Court's misinterpretation of the provisions of 38 U.S.C. § 5121A, as well as its own Rules of Practice and Procedure. Under the correct interpretation of § 5121A and U.S. Vet.App. Rule 43(a)(2), the decision of the Veterans Court to deny Ms. Rodenhizer's June 8, 2021 motion for substitution was not made in accordance with law. Accordingly, the decision to dismiss the late-veteran's appeal altogether, which was premised on the decision to deny substitution, also was not in accordance with law.

## Arguments

### I.

### Standard of Review.

This Court may decide all relevant questions of law in an appeal from a decision by the Veterans Court. 38 U.S.C. §7292(d)(1). This Court reviews legal determinations of the Veterans Court *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this Court may "affirm or if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter as appropriate." 38 U.S.C. §7292(e)(1).

II.

The Veterans Court's decision to deny Mrs. Rodenhizer's motion for substitution as appellant and to dismiss Mr. Rodenhizer's appeal was a clear error of law.

The Veterans Court erroneously denied Mrs. Rodenhizer her right to be substituted as the appellant for her son, who died while his appeal was pending before the Veterans Court. The matter at issue in this appeal requires an interpretation of the provisions of 38 U.S.C. § 5121A and the Veterans Court's Rules of Practice and Procedure. Under the correct interpretation of § 5121A and U.S. Vet.App. Rule 43(a)(2), the decision of the Veterans Court to deny Mrs. Rodenhizer's June 8, 2021 motion for substitution was not made in accordance with law. The Veterans Court's error to misinterpret § 5121A and its own rules of practice was precipitated by its misapplication of its own precedent set forth in *Breedlove v. Shinseki*, 24 Vet.App. 7 (2010).

In *Breedlove* the Veterans Court correctly held that Congress's enactment of 38 U.S.C. § 5121A established that a veteran's claim for benefits survives his or her death if there is an appropriate party to substitute as the claimant in the case. The substitution of a claimant is not for the purpose of providing VA benefits to a veteran. Rather, the substitution is for the purpose of furthering the processing of the late-veteran's claim for the benefit of an eligible accrued-benefits claimant. *Breedlove*, 24 Vet.App. at 8. As will be discussed further below, the Veterans Court erroneously relied upon the decision of VA to deny Mrs. Rodenhizer substitution, rather than correctly applying its own Rules

and the intent of Congress as expressed in its enactment of § 5121A regarding substitution.

The Veterans Court's error interpreting § 5121A is shown by the following passage in the decision on appeal:

> Under our decision in *Breedlove v. Shinseki*, substitution before the Court requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant." 24 Vet.App. 7, 20 (*per curiam* order). Eligibility as an accrued-benefits claimant is "a factual determination that . . . must be made by VA in the first instance" and is determined according to 38 U.S.C. § 5121 or through a concession by the Secretary. *Id.* at 20-21; *see* 38 U.S.C. §§ 5121, 5121A(b). Section 5121 provides that a person seeking accrued benefits must file an "[a]pplication[] for accrued benefits . . . within one year after the date of [the original claimant's] death." 38 U.S.C. § 5121(c); *see Breedlove*, 24 Vet.App. at 21; *see also Smith v. McDonough*, No. 18-4730, 2022 WL 9798204, at *5-6 (Vet. App. Oct. 17, 2022) (order) (denying a motion for substitution where there was no timely application for accrued benefits). Moreover, although the Court may substitute an eligible accrued-benefits beneficiary on the death of an appellant, "if the accrued-benefits status of a person seeking substitution legitimately is in dispute, the Court may . . . deny substitution, vacat[e] the Board decision and dismiss[] the appeal," as "the granting of substitution is based not only on the interest of the potential accrued-benefits beneficiary in the outcome of the veteran's appeal, but also on considerations of delay, unfairness, and inefficiency, and those considerations may weigh in favor of letting the accrued-benefits claim be adjudicated below *de novo*." *Breedlove*, 24 Vet.App. at 21.

Appx2. To the extent that the Veterans Court's decision in *Breedlove* requires VA to grant substitution under the provisions of 38 U.S.C. § 5121A in order for the Veterans Court

to be able to substitute an eligible individual under the provisions of 38 U.S.C. § 5121(a), any such decision was wrongly decided. Substitution by the Veterans Court is not dependent upon whether VA grants substitution under § 5121A but rather only whether the individual is eligible to receive accrued benefits under § 5121(a).

The Veterans Court is "an Article I tribunal," created under the Veterans' Judicial Review Act of 1988 ("VJRA"), Pub. L. No. 100–687, 102 Stat. 4105 (2000) (codified as amended at 38 U.S.C. §§ 7251–98). Congress created the Veterans Court "to review Board decisions adverse to veterans." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 432 (2011). Under the VJRA, the Veterans Court has "exclusive jurisdiction to review decisions of the Board," with the "power to affirm, modify," remand, "or reverse a decision of the Board[.]" 38 U.S.C. § 7252(a). The decision whether to substitute an appellant for the original appellant after the death of that appellant while his or her appeal is pending before the Veterans Court is exclusively within the purview of the Veterans Court. Therefore the Veterans Court's decision to deny substitution cannot be dependent upon the VA's determination to deny substitution under the provisions of § 5121A.

As a result of the enactment of § 5121A, any living person who is eligible to receive accrued benefits due to the claimant under § 5121(a), upon the death of that claimant, also is eligible to be substituted for that deceased claimant. The purpose of the substitution is to replace the claimant if that claimant dies while a claim or appeal for any

benefit under a law administered by the Secretary was pending before the VA or the Board. In the decision on appeal the Veterans Court conflated being "eligible" to receive accrued benefits due to the claimant at the time of death under § 5121(a) with the otherwise distinct requirement under § 5121(c) that a person seeking accrued benefits must file an application for the accrued benefits within one year of the date of the original claimant's death. The Veterans Court's conflation of these two matters misinterprets the statute and is erroneous. The latter is the requirement to seek accrued benefits as a derivative claim under § 5121(a). The former is the requirement for substitution under § 5121A.

The plain language of § 5121A makes clear that it does not require the individual seeking to be substituted to first submit to VA an application for accrued benefits under § 5121(a). Substitution under § 5121A(a)(1) **only requires** that the living person be **eligible** to receive accrued benefits otherwise due to the claimant under § 5121(a). The difference is that a person seeking accrued benefits under § 5121(a) **must** bring a new claim to VA in that person's name as a qualified survivor. Whereas, a person seeking to be substituted under § 5121A(a)(1) is continuing the extant pending claim to its completion as the authorized substitute for the claimant. In both circumstances, of course, there must be a claim or an appeal pending. The disconnect which occurred in this matter was the erroneous determination by the Veterans Court that in order to be eligible to be substituted before that Court, the individual seeking substitution must first

submit an application to VA for accrued benefits under § 5121(c). As Mrs. Rodenhizer shows in the discussion that follows, the Veterans Court's failure to acknowledge and embrace these two sets of circumstances as separate and distinct was a clear error of law.

### A. Mrs. Rodenhizer met the substitution requirements of 38 U.S.C. § 5121A.

Through its enactment of § 5121A, Congress unambiguously provided:

> If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, **a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion**.

38 U.S.C. § 5121A(a)(1) (emphasis added). Thus, the plain language Congress used requires **only** that a living person who **would be** eligible to receive accrued benefits due to the claimant under § 5121(a) is entitled to be substituted as the claimant. The only other requirement is that the request for substitution must be submitted to VA no later than one year after the date of the death of the original claimant **for the purposes of processing the claim to completion**. *Id.* Congress did not say that, as the holding in *Breedlove* alludes, a person seeking to be substituted must file an application for accrued benefits within one year after the date of the original claimant's death. *See Breedlove*, 24 Vet.App. at 21.

To the contrary, Congress did not require an application for accrued benefits under § 5121(a) for a person to be substituted for the deceased claimant. Congress simply required that "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)," **must** "file a request to be substituted as the claimant for the purposes of processing the claim to completion." *See* 38 U.S.C. § 5121A(a). The record before the Veterans Court in this case undebatably confirms that Mrs. Rodenhizer did just that. *See* Appx61. It is indisputable that § 5121A(a) **does not** require that a person seeking to be substituted submit an application for accrued benefits under § 5121(a). Rather, a living person is only required to be **eligible** to receive accrued benefits due to the claimant under § 5121(a) and to have filed a request to be substituted within one year of the original claimant's death as the claimant for the purposes of processing the claim to completion before VA or the Board.

Furthermore, there can be no factual dispute that Mrs. Rodenhizer was eligible to receive accrued benefits due to her son under § 5121(a). This element is established because she submitted, both to the VA and the Veterans Court, evidence that she paid her son's funeral expenses. Thus, under 38 U.S.C. § 5121(a)(6), because she was the living person who bore the expense of her son's burial, she was eligible to receive accrued benefits due to her son under § 5121(a)(6). As a result, as a matter of law, she met the requirements of 38 U.S.C. § 5121A(a)(1) to be substituted for the purposes of processing her son's claim/appeal to completion.

The Veterans Court's error is further demonstrated by this passage from the decision on appeal:

> Here, there is no evidence that Ms. Rodenhizer requested a determination of accrued benefits eligibility from VA within one year of the veteran's death or that she has ever done so. *See* 38 U.S.C. § 5121(c); *Breedlove*, 24 Vet.App. at 21; *see also Smith*, 2022 WL 9798204, at *5-6. Nor is there evidence that VA has made a determination about her eligibility to receive accrued benefits. Thus, we have no basis to find that she is an eligible accrued-benefits claimant, which is a prerequisite for her to be substituted before this Court. *See Breedlove*, 24 Vet.App. at 20-21. And the Court cannot make the factual determination of a person's accrued-benefits eligibility. *See id.* ("[Eligibility for accrued benefits] is a factual determination that . . . must be made by VA in the first instance.").

Appx3. The Veterans Court was correct, Mrs. Rodenhizer did not submit a **claim** to VA for entitlement to accrued benefits within one year of her son's death. She did not do so because § 5121A(a)(1) did not require that of her as a predicate to being substituted for her son. Likewise, the Veterans Court was correct, there was no evidence that VA had made a determination about her eligibility to receive accrued benefits. Again, this action was not necessary for her to be substituted for her son before the Veterans Court. The Veterans Court erroneously relied upon a finding that it did not have a "basis to find that she is an eligible accrued-benefits claimant." *Id.* There was indisputable evidence of record that, as a matter of law, Mrs. Rodenhizer was an **eligible** accrued-benefits claimant under § 5121(a)(6) and that she had filed a VA Form 21P-0847 (Request for Substitution), which she submitted to both VA and the Court within one year of her

son's death. *See* Appx61. In so doing, Mrs. Rodenhizer as a matter of law met the requirements of § 5121A(a)(1).

As a result, the Veterans Court made a clear error of law in denying her request to be substituted and in dismissing her son's appeal based on a misinterpretation of § 5121A(a)(1). This error in its interpretation of the statute is further established where the Veterans Court states the following:

> Because Ms. Rodenhizer has failed to show that she is eligible to be substituted as appellant under *Breedlove*, we will deny her motion for substitution, vacate the appealed Board decision, and dismiss this appeal. *See id.*; *see also Briley v. Shinseki*, 25 Vet.App. 196, 197 (2012) (*per curiam* order) ("[W]here there is no appellant, there is no case or controversy.").

Appx3. This conclusion is erroneous because there was an appellant—the late Mr. Rodenhizer—and under the correct interpretation of § 5121A(a)(1) Mrs. Rodenhizer was an appropriate person to have been substituted under the rules of the Veterans Court as appellant for her son, whose funeral expenses she paid.

An additional error in its interpretation of § 5121A(a)(1) by the Veterans Court is shown by the following passage from its decision:

> Although we note Ms. Rodenhizer's statement that she has appealed her denied request for substitution before VA to the Board, Aug. 2022 Reply to May 2022 Resp. at 5-6, we do not yet have jurisdiction over this matter, *see* 38 U.S.C. § 7252(a) (giving the Court jurisdiction over final Board decisions). And if the Board construes Ms. Rodenhizer's request for substitution before VA as a timely application for accrued benefits and decides that she is eligible to receive accrued

> benefits, our order today does not prejudice her. We are vacating the Board's adverse decision on her son's claim, which in turn would allow her to pursue accrued benefits before VA should the Board deem her eligible to do so. *See Breedlove*, 24 Vet.App. at 20-21.

Appx3. Once again, the Veterans Court evinces a misinterpretation of § 5121A (a)(1) as requiring "a timely application for accrued benefits." To reiterate, the plain text of § 5121A(a)(1) **does not** require a timely application for accrued benefits. It requires that a request for substitution be made within one year of death of the claimant.

It is critical that this Court confirm Mrs. Rodenhizer's interpretation of § 5121A(a)(1), which is that it **does not** require "a timely application for accrued benefits." To the contrary, a timely application for accrued benefits is required under § 5121(c) when a qualifying survivor is filing their own derivative claim. Whereas, with the enactment of § 5121A, Congress simply requires that "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)" must "file a request to be substituted as the claimant for the purposes of processing the claim to completion." Given the plain text of § 5121A, to the extent that the decision in *Breedlove*, *supra*, holds otherwise, this Court must overrule any such interpretation.

Furthermore, the question of whether Mrs. Rodenhizer was "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)," does not present a issue that would require any court to make a factual determination in this matter. The criteria for whether a person is eligible to receive accrued benefits is set

out by § 5121(a). In this matter, on June 28, 2021 Mrs. Rodenhizer's counsel submitted to the Veterans Court an itemized receipt of funeral expenses and a statement that Mrs. Rodenhizer paid half of those funeral expenses. *See* Appx33-40. This is a matter about which the Veterans Court and this Court can take judicial notice. That is, no special expertise is necessary which would require the VA to determine in the first instance whether this evidence met the requirements of 38 U.S.C. § 5121(a)(6) that Mrs. Rodenhizer bore the expense of her son's burial.

Thus, the record was sufficient to enable the Veterans Court to determine whether Mrs. Rodenhizer was an appropriate person to be substituted under § 5121(a). This evidence substantiated that she was eligible to receive accrued benefits as set out in § 5121(a)(6) and that she had filed a request within one year of her son's death with VA to be substituted. Nothing more was required under § 5121A. Making the decision to allow her to substitute for her son would not have required the Veterans Court to engage in a trial *de novo* of any finding of fact the Secretary made pursuant to 38 U.S.C. § 7261(c). In this case there were no proceedings pending before VA at the time of her son's death. Therefore, there was nothing for Mrs. Rodenhizer to have been substituted before VA. For this specific reason, the decision to deny Mrs. Rodenhizer substitution before VA was correct. In light of these circumstances, fact finding by the Veterans Court on the issue of substitution before VA would not even have been possible because the Secretary made no such findings of fact. But, most importantly, these circumstances did not

preclude the Veterans Court from determining whether Mrs. Rodenhizer was an appropriate person to be substituted as the appellant in her late-son's appeal pending before the Veterans Court so that appeal could be completed.

### B. Mrs. Rodenhizer met the requirements for substitution under U.S. Vet. App. Rule 43(a)(2).

The record before the Veterans Court was sufficient, as a matter of law, to require that Mrs. Rodenhizer be substituted as the appellant in late-son's appeal pursuant to the Veterans Court's own rules of practice and procedure. As a result, the Veterans Court also misinterpreted U.S. Vet.App. Rule 43(a)(2). The Veterans misinterpreted Rule 43(a)(2) by failing to determine whether Mrs. Rodenhizer was an otherwise appropriate person to be substituted as a party on motion by such person. Rule 43(a)(2) explicitly contemplates this circumstance. The rule reads as follows:

> If a party dies after a Notice of Appeal is filed or while a proceeding is pending in the Court, the personal representative of the deceased party's estate **or any other appropriate person may,** to the extent permitted by law, **be substituted as a party on motion by such person**. Any party or representative who becomes aware of the appellant's death shall notify the Court of the death of an appellant and proceedings will then be as the Court directs.

*See* U.S. Vet.App. Rule 43(a)(2) (emphasis added). Because this rule is unambiguously written in the alternative, it plainly provides that **any other** appropriate person may, to the extent permitted by law, be substituted as a party in a pending appeal before the Veterans Court on motion by such person.

In *Breedlove*, *supra*, the Veterans Court held that:

> . . . because Brenda Breedlove is an eligible accrued-benefits claimant who is adversely affected by the September 9, 2008, Board decision denying Mr. Breedlove's claim for section 1151 benefits, she has standing to pursue substitution on the veteran's claim. She is affected by the VA adjudications on the veteran's claim in the same way the veteran was affected at the time he filed his Notice of Appeal, and considerations of delay, unfairness, and inefficiency weigh in favor of granting substitution.

*See* 24 Vet.App. at 21. Critically, in a footnote in *Breedlove*, the Veterans Court acknowledged that its own rules supported the motion for substitution in that case:

> Under then-extant Rule 43(a)(2) of the Court's Rules of Practice and Procedure, for "any person claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a),[[2]] the personal representative of the deceased party's estate, or any other appropriate person may be substituted as a party on motion by such person or by any party."

*See id.* at 15, note 4. The Veterans Court's decision in this case to deny Mrs. Rodenhizer's motion for substitution necessarily misinterpreted U.S. Vet.App. Rule 43(a)(2), and as a result of that misinterpretation it was misapplied in her case. Mrs. Rodenhizer satisfied all the requirements set forth in U.S. Vet.App. Rule 43(a)(2) such that her motion for substitution should have been granted. Under the correct

[2] The phrase "any person claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a)" does not appear in the version of U.S. Vet.App. Rule 43(a)(2) at the time of the Veterans Court's decision in this matter.

interpretation of this rule the Veterans Court did not have discretion or the authority to require evidence showing that an application had been made by Mrs. Rodenhizer and granted by VA for accrued benefits under § 5121(a).

## Conclusion

For the foregoing reasons, the Court should reverse the decision of the Veterans Court to (1) dismiss the appeal of the late veteran Thomas Rodenhizer, and (2) deny Mrs. Rodenhizer's motion for substitution in her late-son's pending appeal before that Court. Further, this Court should Order the Veterans Court to substitute Mrs. Rodenhizer as the appellant in that case pursuant to both 38 U.S.C. § 5121A and in accordance with U.S. Vet.App. Rule 43(a)(2).

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

# ADDENDUM - CAVC MEMORANDUM DECISION

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 19-4740

THOMAS RODENHIZER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FALVEY, *Judge*.

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a), this action may not be cited as precedent.*

On July 16, 2019, Army veteran Thomas Rodenhizer, through counsel, appealed a March 21, 2019, Board of Veterans' Appeals decision that denied an effective date before June 8, 2016, for a total disability rating based on individual unemployability. In November 2020, the appellant's counsel notified the Court that Mr. Rodenhizer had unfortunately passed away in September 2020. In December 2020, the Court ordered the appellant's counsel to show cause why the Board decision should not be vacated and the appeal dismissed.

In January and March 2021, the appellant's counsel filed responses to the Court's order, stating that Mr. Rodenhizer's mother, Deborah Rodenhizer, had filed a VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with VA but that the agency of original jurisdiction (AOJ) had denied her request to substitute because there was no pending VA claim or appeal at the time of the veteran's death. Mar. 2021 Response (Resp.) to Dec. 2020 Order at 1; Jan. 2021 Resp. to Dec. 2020 Order at 1.

On June 28, 2021, Ms. Rodenhizer moved to be substituted as appellant before the Court. Motion (Mot.) to Substitute at 1-2. She asserted that she could be substituted as an eligible accrued-benefits claimant under 38 U.S.C. § 5121(a)(6) because she bore the costs of the veteran's funeral. *Id.* at 1-2; Mot. to Substitute Exhibits A (itemized receipt of funeral expenses), B (statement that Ms. Rodenhizer paid half of the funeral expenses).

In July 2021, the Secretary responded to the motion to substitute, informing the Court that VA had received no application for accrued benefits from Ms. Rodenhizer. July 2021 Resp. to Mot. to Substitute at 1. The Secretary further stated that, because no application was received, the

AOJ had made no determination about the proposed substitute-appellant's eligibility as an accrued-benefits claimant. *Id.*

In September 2021, after receiving leave from the Court to do so, Ms. Rodenhizer replied to the Secretary's response. She asserted that the Secretary had incorrectly implied that she needed to request accrued benefits from VA when, in fact, she was seeking to be substituted in her late son's appeal before the Court. Sept. 2021 Reply to July 2021 Resp. at 1-2. And she stated that she had filed a request for substitution with the AOJ but that it had been denied. *Id.* at 2. The Court ordered the Secretary to respond to Ms. Rodenhizer.

In May 2022, the Secretary responded that Ms. Rodenhizer had not established standing to be substituted in her son's appeal because she had not filed a timely claim for accrued benefits. May 2022 Resp. to Sept. 2021 Reply at 1-6. Although he acknowledged that Ms. Rodenhizer might have had a legal interest in her son's unpaid benefits, the Secretary asserted that any such interest had been extinguished by her failure to comply with 38 U.S.C. § 5121(c), which requires an application for accrued benefits to be made within one year of the veteran's death. *Id.* at 2-6. Thus, the Secretary asked the Court to deny the motion to substitute and to dismiss the appeal. *Id.* at 6. The Court ordered Ms. Rodenhizer to reply to the Secretary's response.

In August 2022, Ms. Rodenhizer filed her reply, asserting that the Secretary had incorrectly claimed that she needed to apply for accrued benefits to be substituted here. Aug. 2022 Reply to May 2022 Resp. at 1-5. She stated that she had requested substitution before VA and that this gave her standing to be substituted in this appeal. *Id.* at 1-3. She also noted that she has appealed the AOJ's denial of her substitution request and that the Board is considering her appeal. *Id.* at 5-6. From this, she asserted that, if the Court finds that the AOJ's denial prevents her from being substituted into this appeal, then we should stay our proceedings pending the Board's review of that denial. *Id.* at 6.

Under our decision in *Breedlove v. Shinseki*, substitution before the Court requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant." 24 Vet.App. 7, 20 (per curiam order). Eligibility as an accrued-benefits claimant is "a factual determination that . . . must be made by VA in the first instance" and is determined according to 38 U.S.C. § 5121 or through a concession by the Secretary. *Id.* at 20-21; *see* 38 U.S.C. §§ 5121, 5121A(b). Section 5121 provides that a person seeking accrued benefits must file an "[a]pplication[] for accrued benefits . . . within one year after the date of [the original claimant's] death." 38 U.S.C. § 5121(c); *see Breedlove*, 24 Vet.App. at 21; *see also Smith v. McDonough*, No. 18-4730, 2022 WL 9798204, at *5-6 (Vet. App. Oct. 17, 2022) (order) (denying a motion for substitution where there was no timely application for accrued benefits). Moreover, although the Court may substitute an eligible accrued-benefits beneficiary on the death of an appellant, "if the accrued-benefits status of a person seeking substitution legitimately is in dispute, the Court may . . . deny substitution, vacat[e] the Board decision and dismiss[] the appeal," as "the granting of substitution is based not only on the interest of the potential accrued-benefits beneficiary in the outcome of the veteran's appeal, but also on considerations of delay, unfairness, and inefficiency, and those considerations may weigh in favor of letting the accrued-benefits claim be adjudicated below de novo." *Breedlove*, 24 Vet.App. at 21.

Here, there is no evidence that Ms. Rodenhizer requested a determination of accrued-benefits eligibility from VA within one year of the veteran's death or that she has ever done so. *See* 38 U.S.C. § 5121(c); *Breedlove*, 24 Vet.App. at 21; *see also Smith*, 2022 WL 9798204, at *5-6. Nor is there evidence that VA has made a determination about her eligibility to receive accrued benefits. Thus, we have no basis to find that she is an eligible accrued-benefits claimant, which is a prerequisite for her to be substituted before this Court. *See Breedlove*, 24 Vet.App. at 20-21. And the Court cannot make the factual determination of a person's accrued-benefits eligibility. *See id.* ("[Eligibility for accrued benefits] is a factual determination that . . . must be made by VA in the first instance.").

Because Ms. Rodenhizer has failed to show that she is eligible to be substituted as appellant under *Breedlove*, we will deny her motion for substitution, vacate the appealed Board decision, and dismiss this appeal. *See id.*; *see also Briley v. Shinseki*, 25 Vet.App. 196, 197 (2012) (per curiam order) ("[W]here there is no appellant, there is no case or controversy.").

Although we note Ms. Rodenhizer's statement that she has appealed her denied request for substitution before VA to the Board, Aug. 2022 Reply to May 2022 Resp. at 5-6, we do not yet have jurisdiction over this matter, *see* 38 U.S.C. § 7252(a) (giving the Court jurisdiction over final Board decisions). And if the Board construes Ms. Rodenhizer's request for substitution before VA as a timely application for accrued benefits and decides that she is eligible to receive accrued benefits, our order today does not prejudice her. We are vacating the Board's adverse decision on her son's claim, which in turn would allow her to pursue accrued benefits before VA should the Board deem her eligible to do so. *See Breedlove*, 24 Vet.App. at 20-21.

Based on the above considerations, it is

ORDERED that Ms. Rodenhizer's June 8, 2021, motion for substitution is denied. It is also

ORDERED that the March 21, 2019, Board decision is VACATED with respect to the matters appealed to the Court. It is also

ORDERED that this appeal is DISMISSED.

DATED: October 18, 2022

BY THE COURT:

JOSEPH L. FALVEY, JR.
Judge

Copies to:

Kenneth H. Dojaquez, Esq.

VA General Counsel (027)

## Certificate of Service

I certify that on the 5th day of May, 2023, the foregoing opening brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Brendan D. Jordan, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
brendan.d.jordan@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v.X6, this Brief contains a total of 4394 words, which is within the 14,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com