2023-1377

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

THOMAS RODENHIZER,

Claimant,

DEBORAH RODENHIZER,

Movant-Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in No. 19-4740, Judge Joseph L. Falvey, Jr.

# BRIEF FOR RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

ELIZABETH M. HOSFORD
Assistant Director

BRENDAN D. JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Bo 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342
Brendan.D.Jordan@usdoj.gov

Attorneys for Respondent-Appellee

Of Counsel:

Y. KEN LEE
Deputy Chief Counsel

SAMANTHA SYVERSON
Attorney
Benefits Law Group
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

October 20, 2023

# TABLE OF CONTENTS


STATEMENT OF RELATED CASES ....................1

STATEMENT OF THE ISSUES ....................1

STATEMENT OF THE CASE ....................2

I. Nature Of The Case ....................2

STATEMENT OF FACTS AND COURSE OF PROCEEDINGS BELOW ....................2

I. Ms. Rodenhizer's Attempts To Substitute Herself As The Appellant In Mr. Rodenhizer's Pending Appeal ....................2

II. The Veterans Court Decision ....................4

SUMMARY OF ARGUMENT ....................6

ARGUMENT ....................7

I. Jurisdiction And Standard Of Review ....................7

II. The Veterans Court Lawfully Denied Ms. Rodenhizer's Substitution Motion Because Ms. Rodenhizer Concedes That She Is Not An Accrued Benefits Claimant ....................8

A. A Person Seeking Substitution in the Veterans Court For The Purpose Of Recovering A Deceased Veterans' Unpaid Periodic Monetary Benefits Must Be Able To Receive Accrued Benefits ....................10

B. Substitution in the Veterans Court Cannot Be Premised Directly on 38 U.S.C. § 5121A ....................15

C. Substitution in the Veterans Court Cannot Be Premised Solely on U.S. Vet. App. Rule 43(a)(2) ....................19

III. Neither This Court Nor The Veterans Court Possess Jurisdiction To Decide In The First Instance Whether Ms. Rodenhizer Is Eligible To Receive Accrued Benefits Under 38 U.S.C. § 5121(a) ....................22

CONCLUSION ........................................................................................................26

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Breedlove v. Shinseki*,
24 Vet. App. 7 (2010) ........ *passim*

*Crews v. McDonough*,
63 F.4th 37 (Fed. Cir. 2023) ........ 10

*Emenaker v. Peake*,
551 F.3d 1332 (Fed. Cir. 2008) ........ 9

*Forshey v. Principi*,
284 F.3d 1335 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820 (2002) ........ 9

*Hyatt v. Shinseki*,
566 F.3d 1364 (Fed. Cir. 2009) ........ 18

*Kyhn v. Shinseki*,
716 F.3d 572 (Fed. Cir. 2013) ........ 25

*Mayfield v. McDonough*,
36 Vet. App. 251 ........ 9

*Leonard v. Gober*,
223 F.3d 1374 (Fed. Cir. 2000) ........ 8

*Merritt v. Wilkie*,
965 F.3d 1357 (Fed. Cir. 2020) ........ *passim*

*Murakami v. United States*,
398 F.3d 1342 (Fed. Cir. 2005) ........ 25

*Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of VA,*
809 F.3d 1359 (Fed. Cir. 2016) ........ 23, 25, 26

*Padgett v. Shinseki,*
643 F.3d 950 (Fed. Cir. 2011) ........ 10

*Pelea v. Nicholson*,
497 F.3d 1290 (Fed. Cir. 2007) ........................................................................11

*Phillips v. Shinseki*,
581 F.3d 1358 (Fed. Cir. 2009) ........................................................................10

*Powell v. McCormack*,
395 U.S. 486 (1969) ........................................................................12

*Reeves v. Shinseki*,
682 F.3d 988 (Fed. Cir. 2012) ........................................................................23

*Richard v. West*,
161 F.3d 719 (Fed. Cir. 1998) ........................................................................ 11, 15

*Rodenhizer v. McDonough*,
No. 19-4740, 2022 WL 10394609 (Vet. App. Oct. 18, 2022) ..............................2

*Singleton v. Shinseki*,
659 F.3d 1332 (Fed. Cir. 2011) ........................................................................8

*Smith v. McDonough*,
35 Vet. App. 454 (2022) ........................................................................ 13, 14

*Steffel v. Thompson*,
415 U.S. 452 (1974) ........................................................................12

*Tadlock v. McDonough*,
5 F.4th 1327 (Fed. Cir. 2021) ........................................................................ 18, 23

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ........................................................................12

*Wanless v. Shinseki*,
618 F.3d 1333 (Fed. Cir. 2010) ........................................................................7

*Youngman v. Shinseki*,
699 F.3d 1301 (Fed. Cir. 2012) ........................................................................11

*Zevalkink v. Brown*,
102 F.3d 1236 (Fed. Cir. 1996) .......... 9, 15, 23, 24

**Statutes**

38 U.S.C. § 5121 .......... 9, 25

38 U.S.C. § 5121(a) .......... *passim*

38 U.S.C. § 5121(c) .......... *passim*

38 U.S.C. § 5121A .......... *passim*

38 U.S.C. § 5121A(a) .......... 15, 16 17, 18

38 U.S.C. § 7251 .......... 15

38 U.S.C. § 7252(a) .......... 6

38 U.S.C. § 7252(b) .......... 18

38 U.S.C. § 7292(a) .......... 7

38 U.S.C. § 7292(c) .......... 8

38 U.S.C. § 7292(d) .......... 8

**Rules**

Fed. Cir. R. 47.5 .......... 1

Fed. Rule of App. P. 43(a) .......... 21

U.S. Vet. App. Rule 43(a) .......... *passim*

**Regulations**

38 C.F.R. § 3.1000(a)....................................................................................14

38 C.F.R. § 3.1000(c)............................................................................... 13, 25

38 C.F.R. § 3.1000(d) ...................................................................................14

38 C.F.R. § 3.1010 ...................................................................................... 15, 16

38 C.F.R. § 3.1010(a)....................................................................................16

38 C.F.R. § 3.1010(g) ................................................................................. 16, 25

Pub. L. No. 107-330, § 402(a), 116 Stat. 2820 (2002) ...........................................9

**Federal Register**

Substitution in Case of Death of Claimant,
79 Fed. Reg. 52,977 (Sept. 5, 2014)......................................................................16

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5, respondent-appellee's counsel states that he is unaware of any other appeal in or from this action that previously was before this Court or any other appellate court under the same or similar title.

Respondent-appellee's counsel is also unaware of any cases currently pending before this Court or any other court that may directly affect or be directly affected by the Court's decision in this case.

## STATEMENT OF THE ISSUES

1. Whether an individual seeking unpaid periodic monetary benefits can substitute for a deceased claimant in an appeal before the United States Court of Appeals for Veterans Claims (Veterans Court) where the individual seeking substitution concedes that she is not an accrued benefits claimant and that she did not apply for accrued benefits within one year of the veteran's death?

2. Whether 38 U.S.C. § 5121A applies to substitution motions brought before the Veterans Court?

3. If this Court were to determine that the Veterans Court erred as a matter of law, whether the Veterans Court or this Court has jurisdiction to determine, in the first instance, whether Ms. Rodenhizer is eligible to receive accrued benefits under 38 U.S.C. § 5121(a)?

## STATEMENT OF THE CASE

## I. Nature Of The Case

Claimant, Thomas Rodenhizer, died during the pendency of his appeal to the Veterans Court challenging a Board of Veterans' Appeals (board) decision. Appx1.[1] Movant-appellant Deborah Rodenhizer filed a motion in the Veterans Court to substitute for her deceased son as the claimant in his pending appeal. Ms. Rodenhizer appeals the decision of the Veterans Court in *Rodenhizer v. McDonough*, No. 19-4740, 2022 WL 10394609 (Vet. App. Oct. 18, 2022), Appx1-3, denying her motion to substitute and dismissing the appeal brought by her deceased son.

## STATEMENT OF FACTS AND COURSE OF PROCEEDINGS BELOW

Thomas Rodenhizer, an Army veteran, appealed a March 2019 board decision denying an effective date before June 8, 2016, for a total disability rating based on individual unemployability (TDIU). Appx1. Mr. Rodenhizer died on September 21, 2020. Appx13. At the time of his death, Mr. Rodenhizer's appeal of the board decision to the Veterans Court was still pending.

## I. Ms. Rodenhizer's Attempts To Substitute Herself As The Appellant In Mr. Rodenhizer's Pending Appeal

[1] "Appx__" refers to pages of the joint appendix filed in this case.

On December 14, 2020, the Veterans Court ordered Mr. Rodenhizer's counsel to show cause why the board decision should not be vacated and the appeal dismissed in light of Mr. Rodenhizer's death. Appx14. On December 22, 2020, Mr. Rodenhizer's mother, Deborah Rodenhizer, filed a request to substitute herself as the claimant by submitting to the regional office (RO) VA Form 21P-0847. Appx16. The RO determined that Ms. Rodenhizer did "not meet the basic eligibility for substitution as the surviving parent of the Veteran . . . because the there was no pending claim or appeal [before the VA] at the time of the deceased claimant's death." Appx27. On January 28, 2021, counsel for Mr. Rodenhizer, now also representing Ms. Rodenhizer, responded to the Veterans Court's order to show cause, arguing that the RO erred in rejecting her substitution request. *See* Appx9, Appx16-17. Counsel for Ms. Rodenhizer has since conceded that the RO correctly denied Ms. Rodenhizer's substitution request because at the time of his death, Mr. Rodenhizer's case was before the Veterans Court, not the VA itself. *See* Opening Br. at 14 ("[T]here were no proceedings pending before VA at the time of [Mr. Rodenhizer's] death. Therefore, . . . the decision to deny Mrs. Rodenhizer substitution before VA was correct.").

On May 25, 2021, the Veterans Court ordered that Ms. Rodenhizer file a formal substitution motion directly with the court. Appx9. The Veterans Court

further ordered that the VA submit a response to Ms. Rodenhizer's motion informing the court as to the status of a claim for accrued benefits and, if no determination had been made regarding her status as an accrued-benefits beneficiary, advising the court as to whether there was any reason to believe she would not be eligible to receive accrued benefits. *Id*. The Veterans Court stayed the appeal while the court considered Ms. Rodenhizer's motion and the VA's response.

On June 8, 2021, Ms. Rodenhizer filed in the Veterans Court a motion to substitute herself as the appellant in her son's pending appeal. Appx9; Appx31. In this motion, Ms. Rodenhizer argued that she was entitled to substitute for her son in his pending appeal because she bore the costs of his funeral. Appx31-32. Ms. Rodenhizer subsequently emphasized that she was not seeking substitution as a surviving parent and that she was not seeking accrued benefits. *See* Appx44-45.

The VA replied that Ms. Rodenhizer's motion should be denied and the appeal dismissed because the "law [is] clear that a veteran's benefits appeal will not survive the veteran's death unless a timely claim is filed by a qualifying accrued benefits beneficiary." Appx51.

## II. The Veterans Court Decision

The Veterans Court denied Ms. Rodenhizer's motion for substitution, vacated the March 2019 board decision with respect to matters appealed to the court, and dismissed the appeal. Appx3.

The Veterans Court explained that under its decision in *Breedlove v. Shinseki*, 24 Vet. App. 7 (2010) (per curiam), substitution before the court requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant." Appx2 (quoting *Breedlove*, 24 Vet. App. at 20). Such eligibility involves a factual determination that must be made by VA in the first instance. Appx2. The Veterans Court explained that there was no evidence Ms. Rodenhizer requested a determination of accrued-benefits eligibility from VA within one year of the veteran's death and no evidence that VA had made a determination about her eligibility to receive accrued benefits. Appx3. The Veterans Court therefore determined that it had "no basis to find that she is an eligible accrued-benefits claimant, which is a prerequisite for her to be substituted before [the Veterans Court]." Appx3 (citing *Breedlove*, 24 Vet. App. at 20-21). Because Ms. Rodenhizer failed to show that she was eligible to be substituted as appellant under *Breedlove*, the Veterans Court denied her motion for substitution, vacated the appealed board decision, and dismissed the appeal. Appx3.

With respect to the RO's denial of her request for substitution made at VA,

which Ms. Rodenhizer has since conceded was a correct decision, *see* Opening Br. at 14, the Veterans Court found that it did not yet have jurisdiction over that matter because the appeal of the RO denial was still pending before the board. Appx3 (citing 38 U.S.C. § 7252(a)). The Veterans Court noted that "if the [b]oard construes Ms. Rodenhizer's request for substitution before VA as a timely application for accrued benefits and decides that she is eligible to receive accrued benefits," its order would not prejudice her because vacating the board's adverse decision on her son's claim would allow her to pursue accrued benefits before VA should the board deem her eligible to do so. Appx3 (citing *Breedlove*, 24 Vet. App. at 20-21).

This appeal followed.

## SUMMARY OF ARGUMENT

This Court should affirm the decision of the Veterans Court that denied Ms. Rodenhizer's substitution motion and dismissed Mr. Rodenhizer's pending appeal before the Veterans Court. The only basis for Mr. Rodenhizer's appeal concerning unpaid TDIU benefits to survive his death is if there is an individual who can recover accrued benefits due and unpaid at the time of his death. However, Ms. Rodenhizer concedes that she did not file an application for accrued benefits

within one year of Mr. Rodenhizer's death as is required to receive accrued benefits per 38 U.S.C. § 5121(c).

Ms. Rodenhizer mistakenly argues that she can substitute in the Veterans Court without an application for accrued benefits based on 38 U.S.C. § 5121A and U.S. Vet. App. Rule 43(a)(2). However, 38 U.S.C. § 5121A only applies to substitution in claims and appeals pending before VA and does not apply to the Veterans Court, an entirely separate entity from VA. Rule 43(a)(2) of the Veterans Court Rules merely provides a procedural mechanism for requesting substitution. Further, this Court cannot order the Veterans Court to substitute Ms. Rodenhizer because the determination of whether a party qualifies as an accrued benefits claimant necessarily involves fact finding and this Court and the Veterans Court do not possess jurisdiction to find facts in the first instance.

Accordingly, this Court should affirm the decision of the Veterans Court.

## ARGUMENT

### I. Jurisdiction And Standard Of Review

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or

regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." This Court "shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). This Court is precluded, however, from reviewing "a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that an appeal from a Veterans Court's decision presents a constitutional issue. 38 U.S.C. § 7292(d)(2); *see also Leonard v. Gober*, 223 F.3d 1374, 1375-76 (Fed. Cir. 2000) (dismissing appeal and explaining that "[s]ection 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case"). This Court reviews the Veterans Court's legal determinations *de novo*. *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

## II. The Veterans Court Lawfully Denied Ms. Rodenhizer's Substitution Motion Because Ms. Rodenhizer Concedes That She Is Not An Accrued Benefits Claimant

Because Ms. Rodenhizer explicitly concedes that she is not an accrued benefits claimant and that she did not apply for accrued benefits within one year of her son's death, Opening Br. at 11, she has failed to demonstrate error in the

Veterans Court's denial of her substitution motion.[2] In her opening brief, Ms. Rodenhizer argues that 38 U.S.C. § 5121A and U.S. Vet. App. Rule 43(a)(2) compelled the Veterans Court to grant her substitution motion. *See* Opening Br. at

---

[2] We note that at the time Ms. Rodenhizer filed her VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with VA, *see* Appx1, Appx61, the Veterans Benefits Administration Adjudication Procedures Manual contained a provision that included the VA Form 21P-0847 in a list of applications upon which a claim for accrued benefits may be filed, Appx62. Currently the Manual specifies that form is considered a claim for accrued benefits "only if submitted by a surviving spouse and the substitution determination results in the claimant being recognized as a valid substitute." M21-1, Part XI, Subpart ii, 3.C.1.a, available at https://www.knowva.ebenefits.va.gov/system/templates/selfservice/va_ssnew/help/customer/locale/en-US/portal/554400000001018/content/554400000174206/M21-1-Part-XI-Subpart-ii-Chapter-3-Section-C-Development-for-Accrued-and-Requests-for-Substitution. Because Ms. Rodenhizer argues that she did not file a claim for and did not seek accrued benefits, Opening Br. at 11, Appx44-45, Appx54, she has waived any argument that she has in fact filed an accrued benefits claim. *See, e.g.*, *Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008) (citing *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832 (2002)). Furthermore, any disagreement with the RO's handling of her request for substitution before VA should be addressed through the administrative appeals process, not through direct review of the RO's decision by the Veterans Court or this Court. *See Mayfield v. McDonough*, 36 Vet. App. 251, 257-58 (2023); *see also Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996) (explaining that if an RO decision regarding status as the § 5121 claimant is adverse it can be appealed with a full record to the board and to the courts). As the Veterans Court noted, Ms. Rodenhizer appealed her denied request for substitution before VA to the board. Appx3.

5, 9-17. However, because neither § 5121A nor the Rules of the Veterans Court provide a sufficient basis for Ms. Rodenhizer to substitute for her son in the Veterans Court appeal, the Veterans Court did not err as a matter of law in rejecting Ms. Rodenhizer's substitution motion, dismissing her son's pending appeal, and vacating the board decision.

### A. A Person Seeking Substitution in the Veterans Court For The Purpose Of Recovering A Deceased Veteran's Unpaid Periodic Monetary Benefits Must Be Able To Receive Accrued Benefits

Because the only persons with a real cognizable interest in a deceased veteran's claim for monetary benefits, such as TDIU, are those claiming entitlement for accrued benefits[3], they are the only "appropriate person[s]" who would be "permitted by law" to seek substitution in an appeal of such a claim. *See* U.S. Vet. App. Rule 43(a)(2).

The "general rule" is that "when a veteran dies, the veteran's claim for benefits also terminates." *Crews v. McDonough*, 63 F.4th 37, 39 (Fed. Cir. 2023) (citing *Phillips v. Shinseki*, 581 F.3d 1358, 1363 (Fed. Cir. 2009)). Accordingly, unpaid monies owed to a veteran from a disability claim do not flow to the veteran's estate following his death. *Padgett v. Shinseki,* 643 F.3d 950, 955 n.5

[3] "Accrued benefits" refers to certain periodic monetary benefits, such as TDIU, that a veteran "was entitled [to]," but remain unpaid at the time of his death. *See* 38 U.S.C. § 5121(a).

(Fed. Cir. 2011) ("[T]he veteran's estate has no right to obtain disability payments that were due and unpaid to the veteran at the time of his death." (citing *Richard v. West*, 161 F.3d 719, 722-23 (Fed. Cir. 1998))); *see also Pelea v. Nicholson*, 497 F.3d 1290, 1291 (Fed. Cir. 2007). Congress established an exception to the general rule that a disability claim terminates upon death in enacting 38 U.S.C. § 5121(a), which allows "designated survivors to recover" accrued benefits that are "due and unpaid at the death of the veteran." *Richard*, 161 F.3d at 722; *see also Youngman v. Shinseki*, 699 F.3d 1301, 1304 (Fed. Cir. 2012) ("[A] veteran's death limits the recipients, amounts, and processes of recovery of disability compensation to those provided in section 5121." (quoting *Richard*, 161 F.3d at 722)); *Breedlove*, 24 Vet. App. at 8 ("[A] veteran's chapter 11 disability benefits claim [can] survive[] the death of the veteran . . . for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant.").

When VA determines that an individual is an eligible accrued-benefits claimant, that person can "carry on the appeal of a deceased veteran through the judicial process" by requesting substitution in the Veterans Court. *Breedlove*, 24 Vet. App. at 20-21. When there is no individual eligible for any accrued benefits of the deceased veteran, or any individuals who are eligible accrued-benefits claimants decide to "pursue the accrued-benefits claim anew" at VA instead of

substituting for the decedent in the Veterans Court, the court must dismiss the appeal and vacate the board decision. *Id*. at 20 & 21 n.6. This is because, without an eligible accrued-benefits claimant taking the place of the deceased veteran, the appeal would be challenging an agency action concerning a terminated claim. Such an appeal would be moot because it would only concern an academic issue that does not implicate any real cognizable interest held by any living person. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.").

Because proceeding with the appeal after the death of the veteran without an eligible accrued benefits claimant would result in a moot appeal, the Veterans Court did not err as a matter of law when it denied Ms. Rodenhizer's substitution motion where she failed to demonstrate that she was an eligible accrued benefits claimant. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("an *actual* controversy must be extant at all stages of review") (emphasis added).

An individual is eligible to receive any accrued benefits if they file an

application for accrued benefits within one year of the veteran's date of death, 38 U.S.C. § 5121(c); 38 C.F.R. § 3.1000(c), and if they have priority of § 5121(a)'s categories of potential claimants, 38 U.S.C. § 5121(a); 38 C.F.R. § 3.1000(c)(2). A failure to file a timely application for accrued benefits is fatal to one's entitlement to accrued benefits and consequently, a motion for substitution. *See Smith v. McDonough*, 35 Vet. App. 454, 461 (2022) (denying a motion for substitution in the Veterans Court where the person seeking to substitute failed to make a timely application for accrued benefits); *see also* 38 U.S.C. § 5121(c) (stating that if the VA does not receive a complete application for accrued benefits, then "no accrued benefits may be paid"); 38 C.F.R. § 3.1000(c) ("Application for accrued benefits must be filed within 1 year after the date of death.").

Here, Ms. Rodenhizer represents that she falls under the sixth category of 38 U.S.C. § 5121(a), which covers "the person who bore the expense of last sickness

and burial." *See* Opening Br. at 10-11, 14.[4] However, Ms. Rodenhizer admits in her opening brief that she "did not submit a claim to VA for entitlement to accrued benefits within one year of her son's death." *See* Opening Br. at 11 (emphasis omitted). Ms. Rodenhizer also admitted in briefing before the Veterans Court that she is not and does not intend to be an accrued benefits claimant. *See* Appx44-45 ("Mrs. Rodenhizer [has] emphasized she does not seek accrued benefits."), Appx54. Based on Ms. Rodenhizer's concession that she did not file an application for accrued benefits within the applicable deadline and that she is not seeking accrued benefits, she would not be able to receive any accrued benefits and thus could not substitute in Mr. Rodenhizer's appeal. *See Smith*, 35 Vet. App. at 461; *see also Merritt v. Wilkie*, 965 F.3d 1357, 1361-62 (Fed. Cir. 2020) (a substitution motion made in court cannot take the place of filing an application for accrued benefits with VA).

Allowing Ms. Rodenhizer to substitute in her son's appeal without a timely

---

[4] Despite that Ms. Rodenhizer is the decedent's mother, Ms. Rodenhizer does not argue that she is an eligible accrued benefits claimant based on her status as Mr. Rodenhizer's mother. *See* Opening Br. at 10. Generally, an individual can potentially be eligible for accrued benefits based on a parental relationship to the decedent when the parent is a dependent. *See* 38 U.S.C. § 5121(a)(2)(C); 38 C.F.R. 3.1000(a)(1)(iii), (d)(3); *see also* Appx44.

application for accrued benefits would result in the continuation of a moot and therefore nonjusticiable appeal. *See Breedlove*, 24 Vet. App. at 21. Because the Veterans Court only considers *actual* cases and controversies, dismissal of the appeal was lawful. *See Richard v. West*, 161 F.3d 719, 721 (Fed. Cir. 1998) (citing *Zevalkink*, 102 F.3d at 1243).

### B. Substitution in the Veterans Court Cannot Be Premised Directly on 38 U.S.C. § 5121A

In her opening brief, Ms. Rodenhizer argues that she can substitute for her son in the appeal before the Veterans Court without needing to file an accrued benefits claim with VA because 38 U.S.C. § 5121A provides an independent basis for substitution before the Veterans Court. *See* Opening Br. at 7-13. This argument is unavailing.

Section 5121A does not apply to substitution motions brought in the Veterans Court. This Court has described 38 U.S.C. § 5121A as "provid[ing] for substitution *in VA proceedings*." *Merritt*, 965 F.3d at 1360 n.2 (emphasis added). Section 5121A does not provide a direct basis for substitution for proceedings in the Veterans Court, *Breedlove*, 24 Vet. App. at 11-14, which is a court of law that is entirely distinct from VA. *See* 38 U.S.C. § 7251.

Further, the implementing regulations of 38 U.S.C. § 5121A are clear that § 5121A applies only to VA. *See* 38 C.F.R. § 3.1010; *see also* 38 U.S.C. §

5121A(a)(3) ("Substitution under this subsection shall be in accordance with such regulations as the Secretary may prescribe."). Under 38 C.F.R. § 3.1010, an eligible person may "request to substitute for the deceased claimant in a claim . . . or an appeal . . . that was pending before the agency of original jurisdiction or the Board of Veterans' Appeals when the claimant died." 38 C.F.R. § 3.1010(a). Substitution must be for a "pending" claim or appeal. 38 C.F.R. § 3.1010(g)(1). "An appeal is considered to be pending if a claimant filed a notice of disagreement in response to a notification from an agency of original jurisdiction of its decision on a claim, but dies before *the Board of Veterans' Appeals* issues a final decision on the appeal." 38 C.F.R. § 3.1010(g)(1)(ii) (emphasis added). The regulation further states that an appeal "is not pending before VA for purposes of this section" if the board issued a final decision prior to the claimant's death, which suggests that it does not cover the Veterans Court's review of final board decisions. *See* 38 C.F.R. § 3.1010(g)(1)(ii).

Further, in adopting its regulations concerning claimant substitution within the agency, VA explained that it does "not have jurisdiction to regulate matters pending before the Veterans Court." Substitution in Case of Death of Claimant, 79 Fed. Reg. 52,977, 52,979 (Sept. 5, 2014). VA also noted that it did not make any changes to the regulation based upon a "suggestion that VA permit filing of

substitution requests at the Veterans Court because section 5121A does not govern substitution in appeals that are pending before the court." *Id.* (citing *Breedlove*, 24 Vet. App. at 14).

The Veterans Court's decision in *Breedlove* is also instructive. In *Breedlove*, the Veterans Court analyzed "the overall structure, placement, and context of section 5121A" and determined that "section 5121A applies only to substitution while a claim or appeal is pending at VA and not to substitution while an appeal is pending at a court." 24 Vet. App. at 12-14. In analyzing whether section 5121A(a)(1)'s "appeal of a decision" language refers to appeals before any tribunal or just appeals pending at the board, the court looked to section 5121A(a)(1)'s multiple references to the term "claimant" and its statement that substitution was for the purpose of "processing the claim to completion." *Id.* at 11-12. The court noted that "[t]his language indicates persons and events at the Agency level, not parties to litigation in an appellate court." *Id.* at 12 (explaining that Congress used the term "claimant" throughout chapter 51, which deals specifically with claims and the Secretary's obligations, but used the term "appellant" consistently throughout chapter 72, which pertains to court matters).

The *Breedlove* court also observed that "several subsections of section 5121A are incongruous with appellate review in [the Veterans] Court." *Id.*

at 13. Section 5121A(a)(2) provides that "[a]ny person seeking to be substituted for the claimant shall present evidence of the right to claim such status." 38 U.S.C. § 5121A(a)(2). However, the Veterans Court, "being a court of review, does not normally take evidence in the first instance or adjudicate such factual issues de novo." *Breedlove*, 24 Vet. App. at 13 (citing 38 U.S.C. § 7252(b)); *see also, e.g.*, *Tadlock v. McDonough*, 5 F.4th 1327, 1333-34 (Fed. Cir. 2021). The *Breedlove* court also noted that substitution under section 5121A is governed by regulations prescribed by the Secretary, whereas the Veterans Court and this Court have independent authority over substitution, and "[i]t would be incongruous to charge the Secretary with promulgating regulations that would potentially affect whether [the Veterans Court] will permit substitution in a particular appeal." *Breedlove*, 24 Vet. App. at 13 (citing *Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009)). The court elaborated that, "[p]rescription by the Secretary as to how [an appellate] [c]ourt is to allow and implement substitution would violate the separation of powers doctrine." *Breedlove*, 24 Vet. App. at 13 (citations omitted).

Section 5121A's codification in chapter 51 of part IV of Title 38, which addresses "General Administrative Provisions" for programs administered by the Secretary, as opposed to chapter 72 of Title 38, which concerns the Veterans Court, provides further support for the proposition that "the overall structure of

section 5121A refers to an appeal that is pending at VA only." *Id*. at 13-14

Although Ms. Rodenhizer's argument in her opening brief appears to rest on whether she satisfied the substitution requirements of 38 U.S.C. § 5121A, *see* Opening Br. at 9-15, Ms. Rodenhizer does not address the reasoning in *Breedlove* that explains why 38 U.S.C. § 5121A does not apply to appeals pending before the Veterans Court. *See* Opening Br. at 5-17. Indeed, throughout her opening brief Ms. Rodenhizer improperly assumes that 38 U.S.C. § 5121A is the operative statute for determining eligibility for substitution in the Veterans Court.

Accordingly, Ms. Rodenhizer's argument that *Breedlove* misinterpreted section 5121A as requiring that "a person seeking to be substituted must file an application for accrued benefits within one year after the date of the original claimant's death," *see* Opening Br. at 9 (citing 24 Vet. App. at 21), is mistaken as section 5121A does not even apply to substitution in the Veterans Court, *Breedlove*, 24 Vet. App. at 11-14.

### C. Substitution in the Veterans Court Cannot Be Premised Solely on U.S. Vet. App. Rule 43(a)(2)

Ms. Rodenhizer's argument that U.S. Vet. App. Rule 43(a)(2) entitled her to substitution as a matter of law, Opening Br. at 15-17, is misplaced because Rule 43(a)(2) simply specifies the procedures for substitution and does not specify the requirements for granting substitution. Rule 43(a)(2) provides that if "a party dies

after a Notice of Appeal is filed . . . the personal representative of the deceased party's estate or any other appropriate person may, to the extent permitted by law, be substituted as a party on motion by such person." Here, Rule 43(a)(2) notes *how* a person may seek substitution, namely, by motion. Rule 43(a)(2) does not provide specifics regarding who may be substituted or when substitution will be granted, given that it merely notes that "appropriate person[s]" may be substituted and that they may be substituted "to the extent permitted by law." The "appropriate person[s]" for substitution in Veterans Court appeals such as this, where a veteran dies during the pendency of an appeal seeking certain periodic monetary benefits, *see* 38 U.S.C. § 5121(a), are those who are eligible to receive any accrued benefits of the deceased veteran.[5] *See Breedlove*, 24 Vet. App. at 21.

In *Merritt*, this Court explained that "procedural rules such as [the rules of the court addressing substitution] do not resolve the question of what law of survival of actions should be applied[,] . . . [i]nstead, they simply describe the

[5] Although substitution will generally be permitted for eligible accrued-benefit claimants, the Veterans Court ultimately possesses discretion whether to grant a substitution motion brought by an accrued benefits claimant. *See Breedlove*, 24 Vet. App. at 20-21 ("[W]hen accrued-benefits status is established by decision below or concession by the Secretary, standing is established, and substitution generally will be permitted, subject, as always, to judicial decision that it is the appropriate course of action in that particular case."). In the instant case, Ms. Rodenhizer failed to meet the threshold requirement that she be an eligible accrued benefits claimant. Appx3.

*manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." 965 F.3d at 1360 (cleaned up) (emphasis added). A person seeking to pursue a deceased veteran's claim as a substitute must show that they are entitled to any such benefits "under the applicable statutes and regulations." *Id.* The *Merritt* Court further held that a *motion* for substitution filed pursuant to a court's procedural rules, such as Fed. Rule of App. P. 43(a)(1) or U.S. Vet. App. Rule 43(a)(2), cannot take the place of filing an accrued benefits claim and does not constitute a claim for accrued benefits. 965 F.3d at 1360-63 (emphasis added). Indeed, in *Merritt*, this Court dismissed the appellant's appeal as moot "because Mrs. Merritt did not preserve her claim for accrued benefits by filing a formal claim within one year of [the veteran's] death as required under 38 U.S.C. § 5121(c)." *Id.* at 1363.

Ms. Rodenhizer's reliance on *Breedlove*, Opening Br. at 16, is unavailing. In that case, the Veterans Court granted Mrs. Breedlove's motion for substitution based on her having "been recognized *by VA* as the appellant's widow for any accrued benefits to which she may be entitled." 24 Vet. App. at 21-22 (emphasis added); *see also* 24 Vet. App. at 9 (explaining that Mrs. Breedlove "qualifies as a person eligible to receive accrued benefits under section 5121(a) because she is the

veteran's spouse and has filed a claim for accrued benefits within one year of the veteran's death").[6] In the instant case, the manner in which Ms. Rodenhizer sought substitution before the Veterans Court is not in question; rather, it is her underlying entitlement to pursue Mr. Rodenhizer's claim, upon which U.S. Vet. App. Rule 43(a)(2) does not shed light. Accordingly, contrary to Ms. Rodenhizer's argument, Opening Br. at 15-17, the Veterans Court did not misinterpret U.S. Vet. App. Rule 43(a)(2) when it denied her motion to substitute in Mr. Rodenhizer's pending appeal before the Veterans Court.

## III. Neither This Court Nor The Veterans Court Possess Jurisdiction To Decide In The First Instance Whether Ms. Rodenhizer Is Eligible To Receive Accrued Benefits Under 38 U.S.C. § 5121(a)

Even if this Court were to conclude that the Veterans Court erred as a matter of law in rejecting Ms. Rodenhizer's substitution motion, this Court cannot order the Veterans Court to substitute Ms. Rodenhizer as the appellant in Mr. Rodenhizer's appeal that was pending at the time of his death. *See* Opening Br. at 17. Because Ms. Rodenhizer seeks to substitute in an appeal seeking TDIU benefits, Ms. Rodenhizer must show as a matter of fact that she is eligible to

[6] Additionally, we note that Ms. Rodenhizer refers to note 4 in *Breedlove* as setting forth the version of Rule 43 in effect at the time of *Breedlove*. Opening Br. at 16. That footnote, however, was referring to the version of Rule 43 in effect "[p]rior to 1994." *Breedlove*, 24 Vet. App. at 15 & 15 n.4.

receive accrued benefits. But the determination of whether someone is eligible to pursue accrued benefits "is a factual determination that, unless conceded by the Secretary on appeal, must be made by VA in the first instance." *Breedlove*, 24 Vet. App. at 20-21. "[T]he determination of whether a party qualifies as an accrued benefits claimant necessarily involves fact finding." *Zevalkink*, 102 F.3d at 1244. *But see Reeves v. Shinseki*, 682 F.3d 988, 992-95 (Fed. Cir. 2012) (allowing substitution of veteran's surviving spouse where the court determined her motion qualified as an informal claim for accrued benefits and there was no dispute that as the surviving spouse she was entitled to any benefits due and unpaid to her husband at the time of his death), *superseded by regulation as stated in Merritt*, 965 F.3d at 1361 ("[A] survivor can no longer preserve a claim for accrued benefits by filing an informal claim within one year of the veteran's death.").[7] This Court and the Veterans Court do not possess jurisdiction to find facts in the first instance. *See, e.g.*, *Tadlock*, 5 F.4th at 1333-34 (38 U.S.C. § 7261(c) "prohibits the [Veterans Court] from making factual findings in the first instance."); *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of VA (NOVA)*, 809

[7] In *Reeves* the Court also noted that VA could "have Mrs. Reeves file additional paperwork if necessary to confirm her status as the appropriate accrued-benefits beneficiary before awarding her any benefits." 682 F.3d at 994 n.4 (citing 38 U.S.C. § 5121(c)).

F.3d 1359, 1364 (Fed. Cir. 2016) (Appellate tribunals are "not well equipped to conduct the fact-gathering that may be necessary to determine eligibility for substitution."); *Zevalkink*, 102 F.3d at 1244 (The Veterans Court "is not a trier of fact and is not in a position to make" factual determinations regarding eligibility for accrued benefits.). Therefore, even if this Court were to conclude that the Veterans Court erred as a matter of law, remand would be warranted for the Veterans Court to obtain the necessary factual determination from VA. *See Breedlove*, 24 Vet. App. at 20-21 (noting the Veterans Court's options for obtaining a factual determination as to whether a particular movant is an eligible accrued-benefits claimant).[8]

Ms. Rodenhizer argues that "the Veterans Court and this Court can take judicial notice" of her submission of an "itemized receipt of funeral expenses and a statement that Mrs. Rodenhizer paid half of those funeral expenses," and, based on those, can find that Ms. Rodenhizer satisfied 38 U.S.C. § 5121(a) despite no finding from the VA to this effect. Opening Br. at 14. However, judicial notice is not appropriate where neither "the authenticity nor content of the documents was

---

[8] The Veterans Court noted that Ms. Rodenhizer appealed her denied request for substitution before VA to the board and recognized the possibility that the board might construe her request for substitution before VA as a timely application for accrued benefits and decide that she is eligible to receive accrued benefits. Appx3.

*generally* known." *Murakami v. United States*, 398 F.3d 1342, 1355 (Fed. Cir. 2005) (emphasis added). Here, the receipts and statement from Ms. Rodenhizer are evidentiary in nature, are not generally known, and therefore not items that this Court may take judicial notice of. *Id.*; *see also Kyhn v. Shinseki*, 716 F.3d 572, 576 (Fed. Cir. 2013) (holding that the Veterans Court could not take judicial notice of a party's affidavit).

Additionally, to be eligible for accrued benefits under 38 U.S.C. § 5121, or appropriate for substitution under 38 U.S.C. § 5121A, an individual must have priority in the order of potential claimants. *See* 38 U.S.C. §§ 5121(a), 5121A; 38 C.F.R. §§ 3.1000(c)(2) ("Failure to file timely claim, or a waiver of rights, by a preferred dependent will not serve to vest title in a person in a lower class or a claimant for reimbursement . . . ."), 3.1010(g)(4) ("Substitution by subordinate members prohibited. Failure to timely file a request to substitute, or a waiver of the right to request substitution, by a person of a preferred category of eligible person will not serve to vest the right to request substitution in a person in a lower category or a person who bore the expense of last sickness and burial . . . ."); *see also NOVA*, 809 F.3d at 1362. Therefore, for this Court or the Veterans Court to determine that Ms. Rodenhizer is eligible for accrued benefits, the court would not only need to determine that she bore the expense of

Mr. Rodenhizer's burial, but also that there were no potential accrued benefits claimants of higher priority. This reinforces why such determinations are more appropriately made by VA in the first instance. *See NOVA*, 809 F.3d at 1364.

## CONCLUSION

For these reasons, this Court should affirm the decision of the Veterans Court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

/s/ Brendan D. Jordan
BRENDAN D. JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0342

Of Counsel:
Y. KEN LEE
Deputy Chief Counsel
Department of Veterans Affairs

SAMANTHA SYVERSON
Attorney
Department of Veterans Affairs

Email: Brendan.D.Jordan@usdoj.gov

October 20, 2023

Attorneys for Respondent-Appellee