**No. 2023-1377**

---

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

# MOVANT-APPELLANT'S REPLY BRIEF

*Re*

---

**THOMAS RODENHIZER**,
Claimant,

**DEBORAH RODENHIZER,**
Movant-Appellant

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,
Respondent-Appellee.

---

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. 19-4740, JUDGE JOSEPH L. FALVEY, JR.**

---

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

**Table of Contents**

Page

Table of Contents. . . . . . . . i

Table of Authorities. . . . . . . . ii

Arguments. . . . . . . . 1

Summary of Rebuttal. . . . . . . . 1

I. The Secretary's arguments in support of his assertion that the Veterans Court lawfully denied Mrs. Rodenhizer substitution is not persuasive because it relies upon a misinterpretation of the language used by Congress in 38 U.S.C. § 5121A. . . . . . . . 1

A. The Secretary misreads the text of 38 U.S.C. § 5121A(a)(1). . . . . 7

B. A request for substitution under 38 U.S.C. § 5121A is relevant to, but not dispositive of a request to be substituted at the Veterans Court. . . . . . . . 11

C. Ultimately, U.S. Vet. App. Rule 43 is the sole basis for determining whether substitution should be permitted in proceedings before the Veterans Court. . . . . . . . 15

II. The Secretary's final argument raising a jurisdictional issue also is without merit. . . . . . . . 18

Conclusion. . . . . . . . 22

Certificate of Service. . . . . . . . 23

Certificate of Compliance. . . . . . . . 23

## Table of Authorities

Page

### Decisions

*Breedlove v. Shinseki*, 24 Vet.App. 7 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*DAV v. Sec'y of Veterans Affairs*, 859 F.3d 1072 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . 5

*Harris v. West*, 203 F.3d 1347 (Fed. Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Merritt v. Wilkie*, 965 F.3d 1357 (Fed. Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17

*Perrin v. United States*, 444 U.S. 37 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

### Statutes

38 U.S.C. § 5121(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 5121(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 14

38 U.S.C. § 5121A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 5121A(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 U.S.C. § 5121A(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 U.S.C. § 7266(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

### Regulations

38 C.F.R. § 3.1000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

38 C.F.R. § 3.1010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

**Page**

38 C.F.R. § 3.1010(d) . . . . . . . . . . 4

## Others

https://www.dictionary.com/browse/would (last visited December 17, 2023) . . . . . . . . . . 19

Legislative Hearing on H.R. 1137, H.R. 3047, H.R. 3249, H.R. 3286, H.R. 3415, H.R. 3954, and H.R. 4084, Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs; 110th Cong. 31 (2007) . . . . . . . . . . 2

Pub. L. 110–389, title II, § 212(a), Oct. 10, 2008, 122 Stat. 4151 . . . . . . . . . . 14

U.S. Vet. App. Rule 43 . . . . . . . . . . 5, 14, 15

U.S. Vet. App. Rule 43(a) . . . . . . . . . . 15

U.S. Vet. App. Rule 43(a)(2) . . . . . . . . . . 15, 19, 20, 21, 22

72 Fed.Reg. 66,218, 66,219 (Nov. 27, 2007) . . . . . . . . . . 5

76 Fed.Reg. 8666, 8669 (Feb. 15, 2011) . . . . . . . . . . 10

## Arguments

### Summary of Rebuttal

The Secretary's assertion that the Veterans Court lawfully denied Ms. Rodenhizer's substitution in this matter is unpersuasive because he relies upon a misinterpretation of the language used by Congress in 38 U.S.C. § 5121A. Under the correct interpretation of § 5121A, it is only the eligibility to receive accrued benefits that is the statutory prerequisite for substitution. The Secretary's final argument, which essentially asserts this Court has no jurisdiction because it would involve the Court in fact finding, is equally without merit. This is because Ms. Rodenhizer's request for substitution and her motion to substitute before the Veterans Court already established that she had paid her son's funeral expense, which is all that is required under § 5121A.

### I.

### The Secretary's arguments in support of his assertion that the Veterans Court lawfully denied Ms. Rodenhizer substitution is not persuasive because it relies upon a misinterpretation of the language used by Congress in 38 U.S.C. § 5121A.

The unambiguous language used by Congress in § 5121A establishes a procedure to provide ~~that~~ those individuals who are eligible for accrued benefits the opportunity to be substituted for a deceased claimant or, as here, to be substituted for a deceased claimant in a pending appeal. The language used by Congress in § 5121A is obvious in its intent. It enables the surviving accrued-benefits beneficiary to proceed in the place

of a deceased claimant to the completion of the original claim the deceased claimant brought prior to death. *See* 38 U.S.C. § 5121A(a)(1) (providing that, if a claimant dies while his or her claim is pending, an eligible person may "file a request to be substituted as the claimant for the purposes of processing the claim to completion"); *see also* Legislative Hearing on H.R. 1137, H.R. 3047, H.R. 3249, H.R. 3286, H.R. 3415, H.R. 3954, and H.R. 4084, BEFORE THE SUBCOMM. ON DISABILITY ASSISTANCE AND MEMORIAL AFFAIRS OF THE H. COMM. ON VETERANS' AFFAIRS; 110th Cong. 31 (2007) (statement of Bradley G. Mayes, Director, Compensation and Pension Service, Veterans Benefits Administration, U.S. Department of Veterans Affairs) (discussing substitution, which would allow a survivor to "step into the shoes of a claimant who has passed away" and would entail VA processing the claim as if it were the claimant's).

The Secretary's primary argument in defense of the Veterans Court's decision to deny Ms. Rodenhizer substitution is that the "Veterans Court Lawfully Denied Ms. Rodenhizer's Substitution Motion Because Ms. Rodenhizer Concedes That She Is Not An Accrued Benefits Claimant." *See* Secretary's Brief at 8-22 (hereinafter "Sec.Brf. at xx.") (argument heading and argument). However, Ms. Rodenhizer has never conceded that she is not an accrued benefits claimant. Thus, the Secretary misapprehends her position. What Ms. Rodenhizer conceded was that the Veterans Court was correct to note that she did not *submit* a claim to VA for entitlement to accrued benefits within one year of her son's death. App.Brf. at 11. This is not the same as a concession that

she "is not an accrued benefits claimant." She explained that she did not submit such a claim because nothing in the plain language of § 5121A(a)(1) required that she file a claim for accrued benefits as a predicate to being substituted for her son. *Id.* The Veterans Court's decision to deny Ms. Rodenhizer's motion to be substituted was premised upon the Secretary's representation that she had not filed a claim for accrued benefits under 38 U.S.C. § 5121(a). Appx3. In other words, the Secretary's asserts that the Veterans Court lawfully denied Ms. Rodenhizer's substitution motion because an accrued benefits claim was required as a predicate.

However, the Veterans Court's decision and the Secretary's assertion is contradicted by the Secretary's regulatory interpretation of § 5121A set out in 38 C.F.R. § 3.1010. This regulation is the Secretary's authoritative interpretation of § 5121A. In § 3.1010 the Secretary has provided the following regarding what evidence a person seeking substitution must submit to establish his or her eligibility to be substituted for the deceased claimant:

> A person filing a request to substitute must provide evidence of eligibility to substitute. Evidence of eligibility to substitute means evidence demonstrating that the person is among those listed in the categories of eligible persons in § 3.1000(a)(1) through (5) and first in priority order. If a person's request to substitute does not include evidence of eligibility when it is originally submitted and the person may be an eligible person, the Secretary will notify the person—
>
> (1) Of the evidence of eligibility required to complete the request to substitute;

> (2) That VA will take no further action on the request to substitute unless VA receives the evidence of eligibility; and
>
> (3) That VA must receive the evidence of eligibility no later than 60 days after the date of notification or one year after the claimant's death, whichever is later, or VA will deny the request to substitute.

*See* 38 C.F.R. § 3.1010(d). Thus, on its face this regulation **<u>does not require</u>** an application for accrued benefits as a predicate to a person being granted substitution, which the Secretary did require in this case.

The Secretary's ligation position interprets § 5121A (a)(1) to impose an evidentiary requirement that the person seeking substitution must submit a separate or additional application for accrued benefits under § 5121(a). *See* Sec.Brf. at 8. However, no such evidentiary requirement exists in § 5121A. Moreover, the Secretary, consistent with the Veterans Court, reads § 5121A, which pertains only to substitution before VA, to also require an application to VA for accrued benefits under § 5121(a) as a prerequisite to any grant of substitution before the Veterans Court. However, nothing in the language used by Congress in § 5121A regarding substitution before VA requires that an application be made or granted for accrued benefits under § 5121(a) as a predicate to a grant of substitution. Indeed, this reading of § 5121A was rejected by the Veterans Court in its decision in *Breedlove v. Shinseki*, 24 Vet.App. 7 (2010). Therefore, there is no basis in law to require such an application as a predicate to a grant of substitution in proceedings

before the Veterans Court. To the contrary, the decision on substitution before the Veterans Court is determined exclusively based upon U.S. Vet.App. Rule 43.

Thus, when the Secretary asserts, "because neither § 5121A nor the Rules of the Veterans Court provide a sufficient basis for Ms. Rodenhizer to substitute for her son in the Veterans Court appeal," *see* Sec.Brf. at 9, he relies upon a misinterpretation of both the statute and the Veterans Court's Rule 43. The basis for the Secretary's interpretation of § 5121A is set forth in a footnote inserted in his brief. *See* Sec.Brf. at 9, note 2. The Secretary's discussion in this footnote cites and heavily relies upon his Veterans Benefits Administration ("VBA") M21-1, ADJUDICATION PROCEDURES MANUAL, to support his interpretation. However, the Secretary's reliance on the M21-1 MANUAL is profoundly misplaced. This Court has already concluded that the Secretary's M21-1 MANUAL provisions "do not carry the force of law." *See DAV v. Sec'y of Veterans Affairs*, 859 F.3d 1072, 1076-78 (Fed. Cir. 2017). More precisely, this Court made clear that "[the M21-1 MANUAL] is not intended to establish substantive rules beyond those contained in statute and regulation." *See id.* at 1077 (citing 72 Fed.Reg. 66,218, 66,219 (Nov. 27, 2007)). Finally, any remaining doubt about the lack of efficacy in the Secretary's reliance on his M21-1 MANUAL provisions is erased entirely given that this Court found provisions "do not carry the force of law." *Id.* Therefore, the M21-1 MANUAL provisions the Secretary relies upon in note 2 of his brief cannot be considered the Secretary's authoritative interpretation of § 5121A and he cannot rely upon them in support of his arguments in

his brief.

The Secretary's interpretation of § 5121A erroneously would force Ms. Rodenhizer, the living person who bore the expense of her son's burial, to make an additional application for accrued benefits under 38 U.S.C. § 5121(a)(6). Nothing in the text of § 5121A(a) requires such redundancy. To the contrary, the language used by Congress is clear and provides only that,

> If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, **file a request to be substituted as the claimant for the purposes of processing the claim to completion**.

*See* 38 U.S.C. § 5121A(a)(1) (emphasis added). The pleading requirement set out by Congress **only** is to require the person seeking to be substituted file a request to be substituted. The record before the Veterans Court confirms that in January and March of 2021, Mr. Rodenhizer's counsel filed responses to the Veterans Court's Order, stating that Mr. Rodenhizer's mother, Deborah Rodenhizer, had filed a VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with VA. Appx16-17; Appx18-30. Counsel below also informed the Veterans Court that the only reason the VA's agency of original jurisdiction ("AOJ") had denied her request to substitute for her deceased son was because there was no claim or appeal pending before the VA at the

time of her son's death. *Id.*

### A. The Secretary misreads the text of § 5121A(a)(1).

In support of his reading of § 5121A, the Secretary contends that, "A Person Seeking Substitution in the Veterans Court For The Purpose Of Recovering A Deceased Veteran's Unpaid Periodic Monetary Benefits Must Be Able To Receive Accrued Benefits." *See* Sec.Brf. at 10-15 (argument subheading and argument). However, for this Court to accept this interpretation of § 5121A it would have to align with the Secretary by reading into the statute words and meaning not actually used by Congress in its text. The Secretary claims that,

> Because the only persons with a real cognizable interest in a deceased veteran's claim for monetary benefits, such as TDIU, are those claiming entitlement for accrued benefits, they are the only "appropriate person[s]" who would be "permitted by law" to seek substitution in an appeal of such a claim. *See* U.S. Vet. App. Rule 43(a)(2).

*See id.* at 10 (internal footnote omitted). But then in a footnote the Secretary misleadingly cites to only a portion of 38 U.S.C. § 5121(a). This citation is misleading because it omits reference to a relevant portion of § 5121(a) which explicitly provides: "In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial." *See* 38 U.S.C. § 5121(a)(6). Here, given the plain language of this part of the statute, Ms. Rodenhizer was an eligible accrued benefits claimant and entitled to be substituted.

The Veterans Court's error in this matter was to consider and give effect to VA's disposition of Ms. Rodenhizer's request to be substituted. This was error because the Secretary's decision to either grant or deny substitution is neither relevant not dispositive. All that is relevant is that before the Veterans Court Ms. Rodenhizer made a request to be substituted. As this Court noted in *Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009):

> For cases in which the accrued benefits claimant requests substitution, this court has identified a two-part inquiry for deciding if substitution is proper. *Padgett v. Nicholson*, 473 F.3d 1364, 1370 (Fed.Cir.2007). First, although the Veterans Court is not bound by Article III of the Constitution, it nevertheless requires the claimant to show the presence of a "case or controversy." *Id.* Second, the claimant "must satisfy the Veterans Court's standing requirement under 38 U.S.C. § 7266(a), which provides that she be 'adversely affected' by a decision of the [B]oard." *Id.*

*See Hyatt*, 566 F.3d at 1367 (internal footnote omitted). This was the appropriate inquiry for the Veterans Court to conduct. That is, whether VA had received from Ms. Rodenhizer a request for substitution. Not appropriate is what the Veterans Court did, which was to look at whether or not VA had received an accrued benefits application from Ms. Rodenhizer. Because Ms. Rodenhizer paid the funeral expenses for her son, she was an accrued benefits claimant eligible to be substituted.

The second inquiry appropriate for the Veterans Court to conduct was whether Ms. Rodenhizer satisfied the Veterans Court's standing requirement under 38 U.S.C. §

7266(a). But, the Veterans Court erroneously failed to do this as well. This failure was error because Ms. Rodenhizer met the Veterans Court's standing requirement because she submitted a request for substitution within one year of her son's death and her son had been adversely affected by a decision of the Board prior to his death.

Ms. Rodenhizer's motion to be substituted in her son's pending appeal was based on her having filed a request to be substituted under § 5121A as a living person who bore the expense of her son's burial. These facts make her an eligible individual to complete the processing of her son's appeal for monetary benefits, such as his claim for TDIU benefits, that her son was due at the time of his death. The Secretary's efforts to suggest otherwise are unavailing.

For instance, contrary to the Secretary's characterization of Ms. Rodenhizer's motivation for her substitution motion before the Veterans Court, she was not seeking to have any posthumous award of increased compensation to her son flow to his estate following his death. Sec.Brf. at 10. Her intent behind her motion to be substituted in her deceased son's appeal before the Veterans Court is consistent with the intent of Congress in § 5121A, which is to allow her to complete the processing of son's appeal. However, rather than comply with the plainly articulated terms of the statute, the Secretary, before both the Veterans Court and this Court, instead seeks to imposed *ultra vires* impediments to her substitution request for the purpose of completing her son's appeal.

In the Secretary's public notice of his rulemaking concerning 38 U.S.C. § 5121A, he expressly recognized the difference at law between a "substituted claimant" and an "accrued benefits claimant". The rulemaking acknowledged that a substitute claimant—as opposed to an accrued benefits claimant—"could submit evidence and generally would have the same rights regarding hearings, representation, and appeals as would have applied to the claimant had the claimant not died." *See* "Substitution in Case of Death of Claimant", 76 Fed.Reg. 8666, 8669 (Feb. 15, 2011). As such the Secretary clearly understood the intent of Congress upon its enactment of § 5121A. That being, that Congress intended that a substituted claimant could pursue the claim or appeal pending at the time of the original claimant's death independent of any other potential claim for benefits. In other words, the substituted claimant is not required to initiate and pursue an accrued benefits claim as a new claim based on a derivative action in order to be substituted as the appellant before the Veterans Court.

In sum, the Secretary's litigation position is unavailing for all the reasons discussed above. It is premised upon the erroneous assumption that he can deny substitution because no application for accrued benefits was received from the party seeking substitution despite the fact he received a request for substitution on a standardized VA form for that purpose. In his brief the Secretary relies on § 5121(a) to support his litigation position rather than § 5121A. As well he also relies on § 3.1000 and not §

3.1010. Lastly, he also erroneously relies on case law interpreting § 5121(a) instead of § 3.1000. *See* Sec.Brf. at 12-14. As a result, his position is without merit and should be rejected by this Court because it relies upon a misinterpretation of the language used by Congress in § 5121A.

**B. A request for substitution under 38 U.S.C. § 5121A is relevant to, but not dispositive of a request to be substituted at the Veterans Court.**

The Secretary's asserts that Ms. Rodenhizer's argument that she can substitute for her son in the appeal before the Veterans Court without first filing an accrued benefits claim with VA is prohibited. However, as discussed in her argument, *supra*, 38 U.S.C. § 5121A provides an independent basis for substitution before the Veterans Court rendering the Secretary's assertion unavailing. Nonetheless, the Secretary persists in contending that, "Substitution in the Veterans Court Cannot Be Premised Directly on 38 U.S.C. § 5121A." *See* Sec.Brf. at15-19 (argument heading and argument). This contention, however, is further undermined by the fact that it ignores the basis upon which the Veterans Court denied Ms. Rodenhizer's substitution. The Veterans Court's discussion of how it reached this determination was,

> Because Ms. Rodenhizer has failed to show that she is eligible to be substituted as appellant under *Breedlove*, we will deny her motion for substitution, vacate the appealed Board decision, and dismiss this appeal. *See id.*; *see also Briley v. Shinseki*, 25 Vet.App. 196, 197 (2012) (*per curiam* order) ("[W]here there is no appellant, there is no case or controversy.").

Appx3. Thus, the Veterans Court's decision to deny substitution relied upon its

precedent in *Breedlove v. Shinseki*, 24 Vet.App. 7 (2010). Appx2-3.

Significantly, the holding in *Breedlove* was that 38 U.S.C. § 5121A was not directly applicable to that Court. *Breedlove*, 24 Vet.App. 8. The Veterans Court explained,

> The enactment by Congress of 38 U.S.C. § 5121A nonetheless alters the underpinnings of this Court's jurisprudence on substitution and creates a potential "zone of no substitution" for eligible accrued-benefits claimants seeking substitution on appeal. **Accordingly, we conclude that no rationale now exists for creating a limited opportunity for substitution on appeal here based on the timing of the death of a veteran. We now hold that, based on the enactment of section 5121A, a veteran's chapter 11 disability benefits claim survives the death of the veteran, not for the purpose of providing VA benefits to a veteran, but for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant**.

*See id.* (emphasis added). This holding recognized that as a result of Congress's enactment of § 5121A pending claims would no longer die with the claimant. To ensure this result Congress provided a procedure by which substitution by living persons, those eligible to pursue accrued-benefits, could substitute for the original, deceased claimant. Thus, the express purpose of this statutory procedure was to allow the substitute to complete the processing of the pending claim and or appeal.

Yet, the Veterans Court denied Ms. Rodenhizer request to be substituted because she had, in the view of the Veterans Court, failed make a showing that she was eligible to be substituted as the appellant under *Breedlove*. The Secretary asserts that the Veterans

Court's decision in *Breedlove* is instructive. Sec.Brf. at 16-19. This assertion is perplexing since the Secretary correctly notes in his brief that,

> The *Breedlove* court also noted that substitution under section 5121A is governed by regulations prescribed by the Secretary, whereas the Veterans Court and this Court have independent authority over substitution, and "[i]t would be incongruous to charge the Secretary with promulgating regulations that would potentially affect whether [the Veterans Court] will permit substitution in a particular appeal." *Breedlove*, 24 Vet. App. at 13 (citing *Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009)). The court elaborated that, "[p]rescription by the Secretary as to how [an appellate] [c]ourt is to allow and implement substitution would violate the separation of powers doctrine." *Breedlove*, 24 Vet. App. at 13 (citations omitted).

Sec.Brf. at 18. As Ms. Rodenhizer reads the above discussion in the Secretary's brief of the Veterans Court's decision in *Breedlove*, she finds it difficult, if not impossible, to reconcile the determination made by the Veterans Court to deny her substitution based on her failure to make a showing that she was eligible to be substituted as appellant under *Breedlove*.

If the Veterans Court does indeed have independent authority over substitution, as the Secretary concedes, *see id.*, why then would Ms. Rodenhizer have been required to have made a showing in the Veterans Court that the Secretary first determined that she was eligible to be substituted as appellant under *Breedlove*. To be clear, it is Ms. Rodenhizer's position that the Veterans Court erred by relying on the Secretary's determination that she was required to file, in addition to her request for substitution,

an application for accrued benefits with the VA. As such, the Veterans Court had no lawful basis for denying her motion to be substituted in her son's pending appeal.

The Secretary misapprehends Ms. Rodenhizer's position regarding § 5121A as discussed by the Veterans Court in *Breedlove*. To clarify, Ms. Rodenhizer was an **eligible** accrued-benefits claimant under § 5121(a)(6) and she timely filed a VA Form 21P-0847 (Request for Substitution). She submitted this VA form to both the Secretary and the Veterans Court within one year of her son's death. *See* Appx61. Upon doing so, Ms. Rodenhizer, as a matter of law, met the requirements of § 5121A(a)(1) to be granted substitution. Having met the requirements of § 5121A(a)(1) to be substituted, it is Mrs. Rodenhizer's position that the Veterans Court erred as a matter of fact and law when it determined that she had failed to show that she was eligible to be granted substitution.

Congress's decision to codify the right to substitution in 2008 represents a meaningful expansion of the rights of claimants to have their claims and appeals pursued after their death. *See* Pub. L. 110–389, title II, § 212(a), Oct. 10, 2008, 122 Stat. 4151. Therefore, Ms. Rodenhizer urges this Court to interpret the provisions of § 5121A as they relate to both what is required for substitution before VA and, as an independent matter, what is required to for substitution under U.S. Vet. App. Rule 43. The interpretation of this latter matter is necessary because the holding in *Breed love, supra*, **did not address** the relationship between substitution under § 5121A and substitution under Rule 43.

**C. Ultimately, U.S. Vet. App. Rule 43 is the sole basis for determining whether substitution should be permitted in proceedings before the Veterans Court.**

The Secretary proffers his view that U.S. Vet. App. Rule 43(a)(2) "simply specifies the procedures for substitution and does not specify the requirements for granting substitution." Sec.Brf. at 19-22. Ms. Rodenhizer disagrees. The Veterans Court's Rule 43 was given the title "Substitution of Parties". Subsection (a) of Rule 43 was given the title "Death of a Party". Subsection (a)(2), given the title "After Notice of Appeal", provides:

> If a party dies after a Notice of Appeal is filed or while a proceeding is pending in the Court, **the personal representative of the deceased party's estate or any other appropriate person may, to the extent permitted by law, be substituted as a party on motion by such person**. Any party or representative who becomes aware of the appellant's death shall notify the Court of the death of an appellant and proceedings will then be as the Court directs.

*See* U.S. Vet. App. Rule 43(a)(2) (emphasis added). The Secretary urges this Court to interpret Rule 43(a)(2) to mean that, " . . . it merely notes that 'appropriate person[s]' may be substituted and that they may be substituted 'to the extent permitted by law.'" Sec.Brf. at 20. However, the Secretary offers no reasoning in his brief for why this Court should adopt the interpretation he proffers.

Instead, the Secretary offers up a discussion of this Court's decision in *Merritt v. Wilkie*, 965 F.3d 1357 (Fed. Cir. 2020), as support for this view. The Secretary contends

the holding in *Merritt* provides that,

> ". . . procedural rules such as [the rules of the court addressing substitution] do not resolve the question of what law of survival of actions should be applied[,] . . . [i]nstead, they simply describe the *manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." 965 F.3d at 1360 (cleaned up) (emphasis added). A person seeking to pursue a deceased veteran's claim as a substitute must show that they are entitled to any such benefits "under the applicable statutes and regulations." *Id.* The *Merritt* Court further held that a *motion* for substitution filed pursuant to a court's procedural rules, such as Fed. Rule of App. P. 43(a)(1) or U.S. Vet. App. Rule 43(a)(2), cannot take the place of filing an accrued benefits claim and does not constitute a claim for accrued benefits. 965 F.3d at 1360-63 (emphasis added).

Sec.Brf. at 20-21. This discussion, however, is not compelling. What the Secretary leaves out of his discussion of this Court's decision in *Merritt* are the facts. In Ms. Merritt's case no pleading had been filed by her asserting her status as an eligible claimant for accrued benefits. The facts in *Merritt* are in direct contrast to the undisputed fact that in Ms. Rodenhizer's case she had filed a VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with VA at the time of her request for substitution. Appx16-17; Appx18-30.

Thus, whereas Mrs. Merritt did not preserve her claim by filing either a request for substitution or a claim for accrued benefits, Ms. Rodenhizer did preserve her claim for substitution. This was an issue not addressed in *Merritt*. Indeed, while citing *Merritt*

the Secretary makes no attempt to argue that this Court's decision in that case controls the disposition of this appeal. If anything, the Secretary's discussion of this Court's holding in *Merritt* suggests that the limited analysis made by the Veterans Court was inadequate. Furthermore, the Secretary's discussion of the procedural rules this Court addressed in *Merritt* does not resolve the question of what law of survival of actions should be applied in this case. This reality supports Ms. Rodenhizer's assertion that the Veterans Court's reliance on *Breedlove* to deny her substitution, without a thorough examination and interpretation of § 5121A(a)(1), was a clear error of law.

The Secretary's unbridled reliance on *Breedlove*, *supra*, is misplaced. As has been discussed at length above, nothing in *Breedlove* supports the Veterans Court's determination that Ms. Rodenhizer failed to show that she is eligible to be substituted as appellant. Importantly, this Court is not bound by the Veterans Court's interpretation of § 5121A. *See Harris v. West*, 203 F.3d 1347 (Fed. Cir. 2000) (decisions of the Court of Appeals for Veterans Claims are not binding on the Federal Circuit Court of Appeals). Therefore, this Court is free to determine whether Ms. Rodenhizer, having filed with VA a VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant), preserved her claim to be substituted by the Veterans Court regardless of VA's decision to deny her substitution before the VA because she did not file an accrued benefits under § 5121(a).

Such an interpretation is consistent with the language used by Congress in §

5121A(a)(1). This subsection of the statute unambiguously provides that, ". . . a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion." Thus, there is nothing in this language that shows Congress intended that the claimant seeking substitution first had to file a claim for accrued benefits. Congress was clear, it intended only that a living person who would be "eligible" to receive accrued benefits due to the claimant under § 5121(a) was thereby entitled to file a request to be substituted. The Secretary's requirement that the person seeking substitution has to satisfy the additional act of submitting an application for accrued benefits simply is not supported by the plain text of § 5121A(a)(1).

## II.

## The Secretary's final argument raising a jurisdictional issue is without merit.

As a final matter the Secretary argues in the alternative that, "Neither This Court Nor The Veterans Court Possess Jurisdiction To Decide In The First Instance Whether Ms. Rodenhizer Is Eligible To Receive Accrued Benefits Under 38 U.S.C. § 5121(a)". *See* Sec.Brf. at 22-26 (argument heading and argument). This argument is without merit because Ms. Rodenhizer's request for substitution to VA and her motion to substitute before the Veterans Court made the statutorily required showing that she had paid her

son's funeral expense. This is all that is required under § 5121A. The Secretary's attempt to make this an issue of jurisdiction is spurious because the requirement set out by Congress is only that the party seeking to be substituted be a living person who **would be eligible** to receive accrued benefits due to the claimant under § 5121(a). Congress did not say a living person who had been found by the Secretary to have been eligible to receive accrued benefits due to the claimant under § 5121(a). Once again the Secretary asks that this Court read into the language used by Congress in § 5121A words that simply are not there.

Congress in the text of § 5121A used the phrase "would be eligible to receive." Congress did not define the term "would." "Would" is an auxiliary verb meaning a simple past tense and participle of the word "will". *See* https://www.dictionary.com/browse/would (last visited December 17, 2023). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *See Perrin v. United States*, 444 U.S. 37, 42 (1979). In this matter, Ms. Rodenhizer's proffered at the Veterans Court that the fact that she paid the funeral expenses of her son "would" make her eligible to receive accrued benefits due to her son under § 5121(a). Therefore, both before the VA and the Veterans Court she has established that she meets the statutory requirements of § 5121A(a)(1) and Vet.App Rule 43(a)(2).

Thus contrary to the Secretary's argument it is not a matter of this Court or the

Veterans Court possessing jurisdiction to decide in the first instance whether Mrs. Rodenhizer was "eligible to receive accrued benefits under 38 U.S.C. § 5121(a)." This is so because Congress only required that Mrs. Rodenhizer **show** she would have been eligible to receive accrued benefits due to her son under § 5121(a). Congress did not require, as the Secretary suggests, that VA, the Veterans Court, or this Court must "decide" in the first instance whether Ms. Rodenhizer was "eligible to receive accrued benefits under 38 U.S.C. § 5121(a)." Put another way, Congress's use of the word "would" requires merely a reasonable expectation that a mother of a veteran who submits as evidence in support of her substitution request a funeral bill for the burial of her son that has been paid by her would be "eligible to receive accrued benefits under 38 U.S.C. § 5121(a)."

In contrast, the unreasonableness of the Secretary's interpretation of § 5121A(a)(1) and Vet.App. Rule 43(a)(2), again purporting to rely on *Breedlove, supra*, is demonstrated as follows:

> Because Ms. Rodenhizer seeks to substitute in an appeal seeking TDIU benefits, **Ms. Rodenhizer must show as a matter of fact that she is eligible to receive accrued benefits**. But the determination of whether someone is eligible to pursue accrued benefits "is a factual determination that, unless conceded by the Secretary on appeal, must be made by VA in the first instance." *Breedlove*, 24 Vet. App. at 20-21.

*See* Sec.Brf. at 22-23 (emphasis added). Congress in § 5121A(a)(1) did not say that Ms.

Rodenhizer must show as a matter of fact that she was eligible to receive accrued benefits. Congress imposed a much lesser standard which is only a showing that she paid the funeral expenses. Ms. Rodenhizer was seeking to be substituted which the Secretary granted. She was not seeking to recover accrued benefits under § 5121(a)(6). The fact that she paid her son's burial expenses was the only showing required under § 5121A.

In order to be substituted in the pending proceedings at the Veterans Court she was not required to submit an application under § 5121(a).

The proceedings to be conducted under § 5121(a) and § 5121A(a)(1) are not the same. The Secretary's argument is dependent upon these two statutes being treated the same, which is precisely what the Veterans Court did. At no time has Ms. Rodenhizer ask the VA whether she was eligible to receive accrued benefits due to her son under § 5121(a). Neither did she want such a determination. She only asked the VA and the Veterans Court to allow her to be substituted in her son's appeal before the Veterans Court for the purposes of processing his appeal and his claim to completion. She met the requirement set out by Congress in § 5121A(a)(1) by submitting to both the VA and the Veterans Court evidence that she paid the funeral expenses of her son which "would" make her eligible to receive accrued benefits due to her son under § 5121(a). As a result, she met the statutory requirements of § 5121A(a)(1) for substitution in proceedings before VA, including with respect to any pending claim for TDIU when the

appeals returns to VA. Thus, the Veterans Court made a clear error of law when it denied Mrs. Rodenhizer substitution under Vet. App. Rule 43(a)(2). The Secretary's contentions otherwise have no basis in law.

## Conclusion

For the foregoing reasons, and for the reasons discussed in Ms. Rodenhizer's opening brief, the Court should reverse the decision of the Veterans Court to (1) dismiss the appeal of the late veteran Thomas Rodenhizer, and (2) deny Ms. Rodenhizer's motion for substitution in her late-son's pending appeal before that Court. Further, this Court should Order the Veterans Court to substitute Ms. Rodenhizer as the appellant in that case pursuant to U.S. Vet. App. Rule 43(a)(2) because, in light of the requirements of 38 U.S.C. § 5121A(a)(1), as a matter of law, she was an appropriate person to substitute.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

## Certificate of Service

I certify that on the 5th day of January, 2024, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Brendan D. Jordan, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
brendan.d.jordan@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v. X6, this Brief contains a total of 5686 words, which is within the 7,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com