# United States Court of Appeals for the Federal Circuit

---

**THOMAS RODENHIZER,**
*Claimant*

**DEBORAH RODENHIZER,**
*Movant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1377

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4740, Judge Joseph L. Falvey, Jr.

---

Decided: December 30, 2024

---

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for movant-appellant. Also represented by KENNETH DOJAQUEZ.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE

HOSFORD, PATRICIA M. MCCARTHY; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges*.

DYK, *Circuit Judge*.

Thomas Rodenhizer, a United States Army veteran, sought an earlier effective date for veteran benefits. The Board of Veterans' Appeals ("Board") denied an earlier effective date. Mr. Rodenhizer appealed to the United States Court of Appeals for Veterans Claims ("Veterans Court"). Mr. Rodenhizer died while his appeal was pending. Mr. Rodenhizer's mother, Deborah Rodenhizer, moved to be substituted in her son's place. The Veterans Court denied the motion to substitute, vacated the Board's decision, and dismissed Mr. Rodenhizer's appeal, concluding that Ms. Rodenhizer had not established her right to the benefits. We vacate and remand with instructions to hold the appeal and motion to substitute in abeyance pending the outcome of proceedings before the Department of Veterans Affairs ("VA") to determine Ms. Rodenhizer's eligibility.

BACKGROUND

This case raises the question of the procedures to be followed when a veteran dies while his or her case is pending in the Veterans Court and a successor seeks to claim accrued benefits. In March 2019, the Board awarded Mr. Rodenhizer an effective date of June 8, 2016, for a total disability rating based on individual unemployability. Mr. Rodenhizer appealed the Board's decision to the Veterans Court, arguing that he was entitled to an earlier effective date. Mr. Rodenhizer died in September 2020 while the appeal was pending before the Veterans Court.

As discussed in detail below, substitution for a deceased party in the Veterans Court is governed by the

Veterans Court's Rules of Practice and Procedure Rule 43. Eligibility to claim accrued benefits upon a veteran's death is governed by 38 U.S.C. § 5121. The Veterans Court ordered Mr. Rodenhizer's counsel to show cause why the Board's effective date decision should not be vacated, and Mr. Rodenhizer's appeal dismissed, because Mr. Rodenhizer had died. Mr. Rodenhizer's counsel explained that Ms. Rodenhizer, Mr. Rodenhizer's mother, had sought to be substituted in Mr. Rodenhizer's place by filing a completed VA Form 21P-0847, entitled "Request for Substitution of Claimant Upon Death of Claimant," with the VA.

In May 2021, the Veterans Court ordered that Ms. Rodenhizer file a formal substitution motion with the Veterans Court. The Veterans Court also ordered the Secretary of Veterans Affairs to:

> file a response (1) informing the [Veterans] Court as to the current status of [Ms. Rodenhizer's] formal or informal claim for accrued benefits, including any VA determination as to whether she is a person who would be eligible to receive accrued benefits under 38 U.S.C. § 5121(a), and any disposition of the claim; and . . . (2) advising the [Veterans] Court as to . . . whether there is any reason to believe that [she] fails to qualify . . . [to] be eligible to receive accrued benefits.

J.A. 9.

In response to the Veterans Court's order, in June 2021, Ms. Rodenhizer filed in the Veterans Court a motion to substitute herself as the appellant in her son's pending appeal pursuant to Rule 43 of the Veterans Court Rules of Practice and Procedure. Ms. Rodenhizer argued that she was "an appropriate person to be substituted as appellant under [Veterans Court] Rule 43(b) as the individual who . . . bore the costs of the funeral expenses of

Thomas Rodenhizer . . . under 38 U.S.C. § 5121(a)(6)." J.A. 31.

In response to the Veterans Court's order, the Secretary informed the Veterans Court that the VA had not received an application for accrued benefits from Ms. Rodenhizer as required by 38 U.S.C. § 5121(c) and that, as a result, it had made no determination about her eligibility as an accrued-benefits claimant.

The Veterans Court denied Ms. Rodenhizer's motion to substitute, vacated the Board's March 2019 decision, and dismissed the appeal. The Veterans Court relied on its decision in *Breedlove v. Shinseki*, 24 Vet. App. 7 (2010) (per curiam order), in determining that it had "no basis to find that [Ms. Rodenhizer] is an eligible accrued-benefits claimant, which is a prerequisite for her to be substituted before [the Veterans] Court." J.A. 3. This was so because "there is no evidence that Ms. Rodenhizer requested a determination of accrued-benefits eligibility from VA within one year of the veteran's death," as required by 38 U.S.C. § 5121(c), and "there [is no] evidence that VA . . . made a determination about her eligibility to receive accrued benefits."[1] *Id.* The court noted that it "cannot make the factual determination of a person's accrued-benefits eligibility" in the first instance. *Id.* (citing *Breedlove*, 24 Vet. App. at 20–21). The Veterans

[1] In a parallel proceeding that is now pending before the Veterans Court, the Board acknowledged that "[Ms. Rodenhizer] filed her claim within one year of [Mr. Rodenhizer's] death in September 2020," as required by the statute, though the Board found she was not eligible to be considered a substitute party on other grounds. Copy of BVA Decision at 3, *Rodenhizer v. McDonough*, No. 24-7589 (Vet. App. Nov. 18, 2024).

Court explained that it was "vacating the Board's adverse decision on [Ms. Rodenhizer's] son's claim, which in turn would allow her to pursue accrued benefits before VA should the Board deem her eligible to do so." *Id.*

Ms. Rodenhizer timely appealed. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited to reviewing legal questions, including "the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). We review legal determinations de novo. *Hanser v. McDonough*, 56 F.4th 967, 969 (Fed. Cir. 2022). "We may not, however, review (1) 'a challenge to a factual determination' or (2) 'a challenge to a law or regulation as applied to the facts of a particular case,' unless the challenge presents a constitutional issue." *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

### I

We begin with an overview of the relevant statutes as they pertain to the merits of the case. Section 5121A of Title 38 of the U.S. Code permits "a living person . . . eligible to receive accrued benefits due to [a] claimant under [38 U.S.C. §] 5121(a)" to request to be substituted as the claimant if the claimant dies while his or her claim for benefits is pending before the VA. 38 U.S.C. § 5121A(a)(1). Section 5121A only applies to cases pending before the VA. *See Merritt v. Wilkie*, 965 F.3d 1357, 1360 n.2 (Fed. Cir. 2020) (noting that "38 U.S.C. § 5121A . . . provides for substitution in VA proceedings"); *Smith through Hicks v. McDonough*, 112 F.4th 1357, 1361 (Fed. Cir. 2024) ("[W]e have acknowledged that § 5121A governs proceedings at the VA level."). At the time of Mr. Rodenhizer's death, his case was pending before the Veterans Court, not the VA, so § 5121A was inapplicable. At the same time, we agree with the Veterans Court, *see*

*Breedlove*, 24 Vet. App. at 18–21, that the policies animating § 5121A should guide us in determining issues of substitution in this related context.

When a veteran dies while his or her case is pending before the Veterans Court, substitution is governed by Veterans Court Rule 43. That rule provides that in such a situation, "the personal representative of the deceased party's estate or any other appropriate person may, to the extent permitted by law, be substituted as a party on motion by such person." U.S. VET. APP. R. 43(a)(2). There is no dispute that Mr. Rodenhizer died while his appeal was pending before the Veterans Court and that Ms. Rodenhizer filed a motion to be substituted for Mr. Rodenhizer on appeal. There is, however, a question as to whether Ms. Rodenhizer is an "appropriate person" that is eligible to be substituted under Rule 43(a)(2). A person may be an "appropriate person"—*i.e.*, eligible—to be substituted only if two statutory conditions are satisfied.

First, the successor "must . . . file[] [an application for accrued benefits] within one year after the date of death [of the veteran beneficiary]." 38 U.S.C. § 5121(c).[2]

Second, a successor seeking accrued benefits must fall within the list of eligible individuals under § 5121(a) and establish he or she is entitled to priority among those individuals. Section 5121(a) enumerates the categories of persons who are able to recover "accrued benefits" that were "due and unpaid" at the time of a veteran's death.

---

[2] In general, "a specific claim in the form prescribed by the Secretary [of the VA] . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." *Id.* § 5101(a)(1)(A).

The statute then delineates the order of preference in paying out such benefits. *See* 38 U.S.C. § 5121(a)(1)–(6). As relevant to this appeal, § 5121(a)(6) allows qualified persons to recover accrued benefits to the extent "necessary to reimburse the person who bore the expense of last sickness and burial." 38 U.S.C. § 5121(a)(6).

The determination of eligibility is not made in the first instance by the Veterans Court unless eligibility presents only a legal question, *see Smith*, 112 F.4th at 1361, or eligibility is conceded by the Secretary, *Breedlove*, 24 Vet. App. at 20–21.[3] If eligibility presents fact issues, "[t]he Court must first obtain from the Secretary a determination as to whether a particular movant is an eligible accrued-benefits claimant." *Breedlove*, 24 Vet. App. at 20–21; *see Smith*, 112 F.4th at 1361–62; *Merritt*, 965 F.3d at 1360–61. This is so because the Veterans Court lacks jurisdiction to find facts de novo. *See Tadlock v. McDonough*, 5 F.4th 1327, 1333–34 (Fed. Cir. 2021) (explaining that "Congress expressly limited the Veterans

---

[3] We have acknowledged that the Veterans Court can decide whether substitution is appropriate without an eligibility determination from the VA when a would-be substitute is ineligible as a matter of law and that determination does not present any undecided factual issues. *See Smith*, 112 F.4th at 1361 (explaining that under *Breedlove*, "the Veterans Court may evaluate whether substitution is appropriate in the first instance when the issue presents purely legal questions." (citing *Gabrielli v. McDonough*, No. 2022-1505, 2024 WL 2968937, at *2 & n.3 (Fed. Cir. June 13, 2024) (nonprecedential)); *Breedlove*, 24 Vet. App. at 13. So, too, if eligibility is "conceded by the Secretary on appeal," no fact finding is required. *Breedlove*, 24 Vet. App. at 20–21.

Court's jurisdiction to exclude de novo fact-finding" (citing 38 U.S.C.§ 7261(c)); *see also Smith*, 112 F.4th at 1362.

II

Thus, in order to establish her right to be substituted (her eligibility), Ms. Rodenhizer was required to establish that she filed the required application within one year of Mr. Rodenhizer's death pursuant to § 5121(c) and that she was an eligible accrued-benefits claimant under § 5121(a).

A

As to the first question, the issue is whether Ms. Rodenhizer's filing of VA Form 21P-0847 is such a filing. The Veterans Court expressly reserved this question, *see* J.A. 3, and it appears to be at issue in the parallel proceeding.[4]

As to the second question, Ms. Rodenhizer endeavors to establish her entitlement to Mr. Rodenhizer's claim by showing she is "the person who bore the expense of [Mr. Rodenhizer's] last sickness and burial." 38 U.S.C.

---

4 The government admits that "at the time Ms. Rodenhizer filed her VA Form 21P-0847 (Request for Substitution of Claimant Upon Death of Claimant) with [the] VA, the Veterans Benefits Administration Adjudication Procedures Manual . . . included [that form] in a list of applications upon which a claim for accrued benefits may be filed." Respondent-Appellee's Br. at 9 n.2 (first citing J.A. 1, 61; and then citing J.A. 62). It appears that the Board in the parallel proceeding has already concluded that Ms. Rodenhizer's filing constituted a timely filing of such a claim. The Board stated, "[Ms. Rodenhizer] filed her claim within one year of [Mr. Rodenhizer's] death in September 2020." Copy of BVA Decision at 3, *Rodenhizer v. McDonough*, No. 24-7589 (Vet. App. Nov. 18, 2024).

§ 5121(a)(6); J.A. 31.[5] She must also establish she is entitled to priority among potential claimants. *See* 38 U.S.C. § 5121(a)(1)–(6). These are not legal questions, nor is this a situation in which the Secretary has conceded eligibility. Thus, whether Ms. Rodenhizer is an eligible claimant is a fact question the Veterans Court was without jurisdiction to decide in the first instance, and it must be resolved in the pending VA proceeding.

B

At oral argument, Ms. Rodenhizer's counsel appeared to agree that there is a factual question as to her eligibility as an accrued-benefits claimant, but Ms. Rodenhizer contends that the Veterans Court erred in denying the motion to substitute and dismissing Mr. Rodenhizer's case before a final decision was made in the parallel VA proceeding relating to her eligibility as an accrued-benefits claimant. She had earlier sought such a stay in the Veterans Court. *See* J.A. 58–59. We agree that the Veterans Court erred.

Two considerations support Ms. Rodenhizer's view. First, under the Veterans Court decision in this case, if

---

[5] In the parallel proceeding, the Board found that Ms. Rodenhizer "has not alleged or submitted evidence that she was the dependent parent of [Mr. Rodenhizer] eligible for substitution under 38 U.S.C. § 5121(a)(2)(C)." Copy of BVA Decision at 3, *Rodenhizer v. McDonough*, No. 24-7589 (Vet. App. Nov. 18, 2024). In the present case, however, Ms. Rodenhizer clarified to the Veterans Court that she sought substitution as the "person who bore the expense of last sickness and burial" under 38 U.S.C. § 5121(a)(6), *not* as Mr. Rodenhizer's dependent parent under § 5121(a)(2)(C). *See* J.A. 44.

Ms. Rodenhizer receives in her parallel action a final determination that she is an eligible accrued-benefits claimant, because of the refusal to allow substitution in the Veterans Court, she would have to restart merits proceedings relating to the accrued benefits due to her son rather than continuing in his place.[6] But Mr. Rodenhizer already invested time in pursuing those benefits. Requiring Ms. Rodenhizer to start over would be contrary to the principles of expediency, fairness, and efficiency served by this statutory scheme as recognized in connection with the related procedures of § 5121A. *See Reeves v. Shinseki*, 682 F.3d 988, 997 (Fed. Cir. 2012) (explaining that after the enactment of § 5121A, "there is no continuing justification for refusing to allow an appropriate accrued-benefits claimant to be substituted for a veteran who dies while his appeal is pending before this court"); *cf.* H.R. REP. NO. 110–789, at 17 (2008) (Committee on Veterans' Affairs report on bill leading to § 5121A explaining that "[a]llowing substitution [in VA proceedings] prevents unnecessary reworking of the same claim . . . and saves families from facing unnecessary administrative hurdles."). There is no prejudice to the VA in staying the parallel proceeding in the Veterans Court pending the eligibility determination. Quite the contrary, the VA's interests are served by determining eligibility in the current case, rather than in a new proceeding.

Second, under Federal Rule of Appellate Procedure 43, similar to Veterans Court Rule 43, courts have approved the stay of proceedings pending a determination as to who is the "personal representative" of a deceased party. *See Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) (concluding state's motion to dismiss decedent's

---

[6] It is not clear on the record before us exactly what starting over in the merits proceedings would entail.

appeal was premature where decedent's representatives were undetermined and had yet to file a motion to substitute); *Mallick v. Int'l Bhd. of Elec. Workers*, 814 F.2d 674, 675–76 (D.C. Cir. 1987) (delaying the briefing schedule in appeal where parties moved for substitution in district court). We think a similar approach is required at the Veterans Court. Here, the Veterans Court should have paused the proceedings in Mr. Rodenhizer's appeal awaiting the result of the parallel eligibility proceeding.

In sum, we hold that when there is a fact question as to eligibility, the Veterans Court should stay action on a motion to substitute in the original claimant's case and stay the determination of whether the case should be dismissed pending a final determination on eligibility in the VA proceeding.[7] The continuation of such a stay may be appropriately conditioned on the claimant's prompt action in the parallel proceeding to obtain a determination on eligibility.

## CONCLUSION

We vacate the Veterans Court's judgment and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

## COSTS

Costs to movant-appellant.

---

[7] Similar procedures shall govern under Federal Rule of Appellate Procedure 43(a) if the claimant dies while the case is pending in our court.